Raymond James Duensing Jr.
150 S. Hwy 160 #C8-376
Pahrump Nevada 89048
Telephone (702) 472-0941

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Raymond James Duensing Junior, individually,<br><br>Plaintiff,<br><br>v.<br><br>David Michael Gilbert, individually and in his official capacity as a police officer employed by the Las Vegas Metropolitan Police Department, Taser International Inc., Las Vegas Metropolitan Police Department, DOES 1-100 and ROES 101-200 inclusive,<br><br>Defendants, | **2:11-cv-01747-GMN -VCF**<br><br>**COMPLAINT**<br><br>**AND**<br><br>**JURY DEMAND** |

**JURISDICTION AND VENUE**

1. Plaintiff, Raymond James Duensing Junior, for this complaint against Defendants, and each of them, hereby demands a Jury Trial, pursuant to the Seventh Amendment to the Constitution of the united States of America and pursuant to Federal Rule of Civil Procedure 38, and alleges as follows:

2. This court has subject matter jurisdiction in this suit because this action arises under the following federal statutes: 28 U.S.C.A. § 1331, § 1332 § 1343 and 42 U.S.C. § 1983, 1988. Plaintiff also invokes supplemental jurisdiction pursuant to 28 U.S.C.A. § 1367.

1

3. This court has personal jurisdiction over the above-captioned Defendants as all activities described herein took place in the State of Nevada. Additionally, the Defendants are either governmental subdivisions organized under the laws of the State of Nevada , or they reside in Nevada, or they are a corporation doing business in Nevada with substantial and sufficient minimum contacts.

4. Venue is proper in the District of Nevada pursuant to 28 U.S.C. § 1391(b)(2) and § 1391(e)(2) due to the fact that claims arose in this district.

## PARTIES AND GENERAL ALLEGATIONS

5. Raymond James Duensing Jr, hereinafter PLAINTIFF, is, and on October 29th, 2009, was a citizen of the State of Nevada.

6. David Michael Gilbert, hereinafter THE SHOOTER, was an employee of the Las Vegas Metropolitan Police Department, hereinafter LVMPD, on October 29th, 2009 and is sued in his individual and official capacity.

7. Defendant Taser International, Inc., hereinafter TASER, is a Delaware Corporation with its principal place of business in the State of Arizona. As alleged herein, TASER defectively manufactured and marketed the unreasonably dangerous electric rifle with which THE SHOOTER shocked the PLAINTIFF; directly and proximately causing short term and long term injuries, as alleged herein.

8. Defendant Las Vegas Metroploitan Police Department, hereinafter LVMPD, was and is the employer of THE SHOOTER and is an entity subject to suit.

9. Defendants DOES 1 to 100 inclusive, are persons, the true names and capacities of which are unknown to the PLAINITFF. Defendants ROES 101-200 are entities, the true names and capacities of which whether individual, corporate, associate or otherwise is unknown to the PLAINTIFF, at the time of the filing of this complaint and therefore each such Defendant is sued by such fictitious names

and PLAINTIFF will ask leave of court to amend this complaint to show their true names and capacities when the same have been ascertained. Upon information and belief, PLAINTIFF alleges that each of the Doe and Roe defendants is in some manner responsible for the events and happenings herein set forth and directly and proximately caused injury and damages to the PLAINTIFF.

## FIRST CLAIM FOR RELIEF
## UNREASONABLE SEIZURE

10. PLAINTIFF repeats and re-alleges paragraphs 1 through 9 as if fully set forth here.

11. THE SHOOTER unconstitutionally stopped the PLAINTIFF under the color of law for a Pretended Offence, where there was, in fact, no harm or even risk of actual harm to any actual person.

12. This unconstitutional stop was a direct and proximate cause of the injuries to the PLAINTIFF.

13. THE SHOOTER committed actual physical harm to the person of the PLAINTIFF during the course of this stop under the color of law, including shooting the PLAINTIFF at point blank range in the heart with a Taser brand electric rifle and shooting the PLAINTIFF with three separate .45 caliber bullets as the PLAINTIFF ran down the sidewalk, fleeing THE SHOOTER's initial and subsequent unreasonable and unconstitutional use of force.

14. THE SHOOTER was acting in violation of the written policies and procedures of his employer, LVMPD, when, under color of law, he threatened the PLAINTIFF by pointing a lethal weapon at the PLAINTIFF's heart, at point blank range, when the PLAINTIFF posed no physical threat to him or others.

15. THE SHOOTER was acting in violation of THE SHOOTER's sworn oath to uphold and defend the Constituiton, in threatening the PLAINTIFF's life under the color of law by pointing a lethal weapon at the PLAINTIFF's heart while the PLAINTIFF stood with his hands over his head

posing no threat to THE SHOOTER or anyone else.

16. As a direct and proximate result of THE SHOOTER's illegal, negligent, reckless, and callously conscience shocking behavior, the PLAINTIFF's rights were violated and the PLAINTIFF suffered severe physical harm and bodily injury, including but not limited to, fear of imminent death, permanent disfigurement, and pain and suffering.

17. Upon information and belief, THE SHOOTER, engaged in an unreasonable seizure, using excessive and lethal force against PLAINTIFF, depriving him of his Liberty and a significant portion of his Life, in violation of the First, Second, Fourth, Seventh, Eighth, Ninth, Tenth, and Fourteenth Amendments to the Constitution of the united States of America

18. Upon information and belief, Defendant TASER actively assisted and participated in the unreasonable seizure by THE SHOOTER.

19. Upon information and belief, TASER knowingly put into the stream of commerce a product which is unreasonably dangerous because the product is and was known to TASER to be ineffective at subduing certain persons, instead having the known and reasonably forseeable effect of escalating a non-violent into a lethal encounter, by intentionally attacking the mind / body disconnect in a premeditated effort to trigger the victim's fight or flight response. And, TASER failed to adequately warn of this known effect on focused individuals. And, LVMPD failed to adequately train its officers and particularly THE SHOOTER of these effects. This failure to warn was a direct and proximate cause of PLAINTIFF's injuries, including long term effects from exposure to electric shock, the permanent disfigurement and pain and suffering from the subsequentlly inflicted bullet wounds in THE SHOOTER's unconstitutional and unreasonable seizure of the PLAINTIFF.

20. Upon information and belief, THE SHOOTER's unreasonable and unconstituional deployment of a lethal Taser brand electric rifle to seize a non violent individual, alleged merely to

4

have violated revenue generating malum prohibe non-violent misdemeanor traffic offenses, was a direct and proximate cause of the PLAINTIFF's injuries and substantially contributed to the escalation of a non-violent incident into a lethal force encounter.

21. Upon information and belief, THE SHOOTER regularly and habitually engaged in a pattern and practice of threatening and intimidating individuals, similarly situated with the PLAINTIFF, by threatening and intimidating them with a Taser brand electric rifle in violation of their constitutional rights and the stated policy of LVMPD.

22. Upon information and belief, THE SHOOTER's unreasonable use of the Taser brand electric rifle to intimidate and threaten non-violent people, was or should have been foreseeable to TASER.

23. Upon information and belief, this unreasonable use of the Taser brand electric rifle to intimidate and threaten non-violent people, was or should have been foreseeable to LVMPD.

24. Upon information and belief, TASER's failure to adequately train officers on the escalation dangers of the TASER was a direct and proximate cause of the PLAINTIFF's injuries.

25. Upon information and belief, TASER's failure to maintain a secure data storage system, contributed to an unreasonably dangerous situation in which negligent officers were aware that the data systems were not secure and were subject to easy tampering, increasing the likelihood and occurrence of Taser brand electric rifles being used in constitutionally impermissible seizures by LVMPD employees generally and THE SHOOTER specifically.

26. Upon information and belief, TASER and DOES and ROES engaged in fraudulent marketing and training practices which were criminally deceptive in order to introduce an unreasonably dangerous product into the stream of commerce. These fraudulent and deceptive marketing practices directly led to the increased purchase and use of Taser brand electric rifles by police departments across the nation and specifically, LVMPD and were a direct and proximate cause

of the unreasonable seizure and PLAINTIFF's injuries.

27. PLAINTIFF is informed and believes, and on the basis of such information alleges, that the defendants and their decision makers, with deliberate indifference, gross negligence, and reckless disregard to the safety, security, and constitutional and statutory rights of the PLAINTIFF, and all persons similarly situated, maintained, enforced, tolerated, permitted, acquiesced in, and applied policies, practices, or customs and usages of, among other things, subjecting people to unreasonable uses of force against their persons, selecting, retaining, and assigning employees with demonstrable propensities for excessive force, violence, and other misconduct; failing to adequately train, supervise, and control employees in the dangers of taser shocks to non-violent and focused individuals, failing to adequately discipline officers involved in misconduct; and condoning and encouraging officers in the belief that they can violate the rights of persons such as the PLAINTIFF in this action with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

**SECOND CLAIM FOR RELIEF**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

28. PLAINTIFF repeats and re-alleges paragraphs 1 through 27 as if fully set forth here.

29. The unconstitutional conduct of THE SHOOTER, of threatening lethal force against the Plaintiff by pointing an electric rifle at the PLAINTIFF'S heart while the PLAINTIFF had his hands over his head was extremely outrageous and repugnant. THE SHOOTER, intentionally and / or recklessly engaged in this extremely outrageous and repugnant behavior causing the PLAINTIFF emotional distress in fearing for his life.

30. The further conduct of THE SHOOTER in shooting an electric rifle at the heart of the PLAINTIFF at point blank range while the PLAINTIFF stood backed up against his rental car with his hands over his head posing no threat to the officer was extremely outrageous and repugnant behavior causing the PLAINTIFF severe emotional distress, inter alia, in fearing for his life.

6

31. The further conduct of THE SHOOTER of firing an electric rifle at the back of the PLAINTIFF as he fled THE SHOOTER's excessive use of force, in violation of well established law and departmental policy was extremely outrageous and repugnant behavior causing the PLAINTIFF severe emotional distress in fearing for his life.

32. The further conduct of THE SHOOTER of firing a .45 caliber hollow point bullet into the PLAINTIFF as he fled THE SHOOTER's excessive use of force, running down a sidewalk with empty hands, in violation of well established law and departmental policy was extreme, outrageous, and repugnant behavior causing the PLAINTIFF severe emotional distress.

33. This first bullet caused the actual physical harm of channeling a hole through the PLAINTIFF's abdominal muscles.

34. The further conduct of the SHOOTER of firing a second .45 caliber hollow point bullet into the PLAINTIFF as he fled THE SHOOTER's excessive use of force, running down a sidewalk with empty hands, in violation of well established law and departmental policy was extreme, outrageous, and repugnant behavior causing the PLAINTIFF severe emotional distress.

35. This second bullet caused the actual physical harm of puncturing PLAINTIFF's right side, channeling a hole through the PLAINTIFF's right pectoral muscle and chest bone, before careening off of the PLAINIFF'S sternum and carving another channel through the PLAINTIFF's left chest bone.

36. The further conduct of THE SHOOTER of firing a third .45 caliber hollow point bullet into the PLAINTIFF as he fled THE SHOOTER's excessive use of force, running down a sidewalk with empty hands, in violation of well established law and departmental policy was extreme, outrageous, and repugnant behavior demonstrating a deliberate indifference to the PLAINTIFF, causing the PLAINTIFF severe emotional distress.

37. This third bullet caused the actual physical harm of shattering the PLAINTIFF's left humerus just above the PLAINTIFF's elbow.

38. The extreme, outrageous, and repugnant behavior of THE SHOOTER was done within the course and scope of his employment.

39. Upon information and belief, LVMPD is liable for said infliction of emotional distress as the employer of THE SHOOTER.

40. PLAINTIFF is entitled to compensatory and punitive damages for said infliction of emotional distress from LVMPD, THE SHOOTER, and TASER.

### THIRD CLAIM FOR RELIEF
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

41. PLAINTIFF repeats and re-alleges paragraphs 1 through 40 as if fully set forth here.

42. To the extent THE SHOOTER's actions were not intentional, THE SHOOTER engaged in negligent behavior, inter alia, by willfully violating LVMPD policy, which directly and proximately caused the PLAINTIFF to suffer severe emotional distress.

43. THE SHOOTER's firing of three separate .45 caliber bullets into PLAINTIFF as he ran down the sidewalk with empty hands, if not intentional and willful, was negligent.

44. Upon information and belief, LVMPD is liable for said infliction of emotional distress as the employer of THE SHOOTER.

45. Upon information and belief, TASER negligently manufactured and caused to be placed into the stream of commerce an unreasonably dangerous product which was a direct and proximate cause of the PLAINTIFF's injuries.

46. PLAINTIFF is entitled to compensatory and punitive damages for said infliction of emotional distress from LVMPD, THE SHOOTER, and TASER.

8

## FOURTH CLAIM FOR RELIEF
### (42 U.S.C. § 1983 – EXCESSIVE FORCE)

47. PLAINTIFF repeats and re-alleges paragraphs __ through __ as if fully set forth here.

48. Defendants, acting under color of state law, deprived the PLAINTIFF of rights, privileges, and immunities secured by the Constitution and laws of the United States, including those secured by the First, Second, Fourth, Seventh, Eighth, Ninth, Tenth, and Fourteenth Amendments to the Constitution, by, among other things, subjecting the PLAINTIFF to excessive force; and acting with deliberate indifference to the Life and Liberty of the PLAINTIFF.

49. As a further proximate result of the acts of defendants, as alleged above, PLAINTIFF has incurred medical expenses, including multiple surgeries and physical therapy sessions and is entitled to relief in an amount in accordance with proof.

50. In doing the foregoing wrongful acts, defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of the PLAINTIFF. The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive damages against each individual defendant in an amount adequate to punish the wrongdoers and deter future misconduct.

51. PLAINTIFF repeats and re-alleges paragraphs __ through __ as if fully set forth here.

52. Upon information and belief, Defendants LVMPD were negligent in their hiring, training, and / or supervision of police officers including, but not limited to THE SHOOTER.

53. Upon information and belief, said negligence by Defendants LVMPD was a proximate cause of the wrongful seizure, serious bodily injury, and permanent disfigurement of the PLAINTIFF.

54. PLAINTIFF is entitled to punitive and compensatory damages for said negligence against LVMPD and THE SHOOTER.

## FIFTH CLAIM FOR RELIEF
## POLICE NEGLIGENCE

55. PLAINTIFF repeats and re-alleges paragraphs 1 through 54 as if fully set forth here.

56. By virtue of the foregoing, defendants owed PLAINTIFF a duty of due care, and that duty was breached in THE SHOOTER's negligence and failure to exercise due care in dealing with the PLAINTIFF proximately caused PLAINTIFF's injuries.

57. As a direct and proximate cause of the aforementioned acts of defendants, PLAINTIFF was injured as set forth above, and is entitled to compensatory damages according to proof.

## SIXTH CLAIM FOR RELIEF
## PRODUCTS LIABILITY - NEGLIGENCE

58. PLAINTIFF repeats and re-alleges paragraphs 1 through 57 as if fully set forth here.

59. The PLAINTIFF suffered severe personal injuries by the fraud, wrongful act, neglect or default of TASER.

60. At all times herein mentioned, defendant TASER and Roes were engaged in the business and profession of designing, manufacturing, selling, distributing, installing, fabricating, assembling, buying, inspecting, testing, servicing repairing, marketing, warranting and advertising Taser electronic shock weapons which these defendants knew or, in the exercise of reasonable care should have known, would be used without inspection for defects or dangers in their parts, mechanisms or design. Defendants' product is unreasonably dangerous and defective for use on human beings because, among other reasons, it was sold without adequate warnings as to the dangers of point blank targeting of the heart, without an adequate warning or training as to the escalatory effect the TASER is designed to have, without secure data storage systems, and without secure video capabilities despite the technological ability to provide such reasonable safeguards to foreseeable risks.

61. Defendant TASER and ROES and DOES sold Taser ordnance to local law enforcement agencies such as LVMPD without adequate warning of or training in its potential for causing death and great bodily injury.

62. At all times herein mentioned, defendant TASER, and Does negligently and carelessly designed, manufactured, sold, distributed, installed, fabricated, assembled, bought, inspected, altered, maintained, serviced, tested, repaired, marketed, warranted, and advertised their unreasonably dangerous and defective Taser ordnance, in that it was capable of causing, and in fact did cause, personal injuries to persons while being used in a manner reasonably foreseeable, thereby rendering the product unsafe and dangerous for use in its intended manner.

63. As a direct and proximate result of the aforementioned conduct of defendant TASER, and Does and Roes, alone and in combination with the wrongful conduct of the other defendants as alleged above, PLAINTIFF was injured and sustained damages as alleged herein, including short-term and long-term negative health effects as a direct result of the deployment of the TASER brand electric rifle and the permanent disfigurement and pain and suffering that were caused by the bullet holes to the PLAINTIFF's person, which were proximately and directly caused by the deployment of the unreasonably dangerous TASER brand electric rifle.

64. Plaintiff is informed and believes and thereon alleges that defendants TASER, LVMPD, THE SHOOTER, and DOES and ROES acted in a despicable, malicious and oppressive manner, in conscious disregard of the rights of the PLAINTIFF and other people whom they knew, or reasonably should have known, were likely to be shocked with Taser ordnance by law enforcement officers not adequately warned or trained about the extreme and unreasonable danger of this product, and that the weapons posed an unreasonable risk of serious bodily injury or death to people such as the PLAINTIFF.

65. Based on these facts, defendants TASER, LVMPD, and ROES and DOES knew that the Taser ordinance could not be used safely for the purposes for which it was intended, and that this weapon was defective and dangerous, but despite that knowledge, in conscious disregard of the safety of the public, defendants TASER, and Roes placed this product on the market without warning customers or the unknowing public of the defects and dangers, and knew when it did so that this weapon would be sold to and used by law enforcement agencies without adequate knowledge of its defects and dangers, and expressly and impliedly represented that it was safe for the purpose for which it was intended. In doing the things aforementioned, defendants TASER., and Does were guilty of malice and oppression and despicable conduct, and plaintiffs are therefore entitled to recover exemplary and punitive damages in an amount to be determined at trial.

**SEVENTH CLAIM FOR RELIEF**
**PRODUCTS LIABILITY - STRICT LIABILITY**

66. PLAINTIFF repeats and re-alleges paragraphs 1 through 65 as if fully set forth here.

67. Defendants TASER, LVMPD, ROES DOES designed, manufactured, sold, distributed, installed, fabricated, assembled, bought, inspected, tested, serviced, marketed, warranted, and advertised the subject Taser ordnance which contained design and/or manufacturing defects, which were capable of causing, and in fact did cause, personal injuries to people while being used in the manner reasonably foreseeable, thereby rendering same unsafe and dangerous for its intended use.

68. As a direct and proximate result of the above-described defects in the subject product, as aforementioned, and the conduct of defendants Taser International, Inc., and Does as alleged above, in combination with the wrongful conduct of the other defendants, PLAINTIFF sustained serious injuries as alleged herein.

69. With respect to the subject ordnance, defendants TASER, LVMPD, ROES and DOES were the designers, assemblers, manufacturers, sellers, distributors, installers, fabricators, buyers, inspectors, testers, servicers, repairers, marketers, maintainers, warrantors, and/or advertisers thereof, or were

otherwise invovled in the stream of commerce to the extent that the laws of the State of Nevada impose strict liabiltiy in tort for injuries caused by defects herein

70. Plaintiffs are informed and believe and thereon allege that defendants TASER, LVMPD, ROES and DOES knew that the Taser weapon's design, manufacture, assembly, marketing and distribution by them was defective and dangerous; that each of the defendants knew that because of the defects, the weapon could not be used safely for the purpose for which it was intended; that defendants, and each of them, knowing that its weapon was defective and dangerous, in conscious disregard of the safety of the public placed this product on the market without warning customers or the unknowing public of the defects and dangers and knew when it did so that this weapon would be sold and used without knowledge of the defects and dangers; and that defendants and each of them, by placing the defective and dangerous weapon on the market, expressly and impliedly represented that it was safe for the purpose for which it was intended. The other defendants herein, in purchasing and using the defective weapon as herein alleged, did rely on each of the defendants' representations. In doing the things aforementioned, defendants, and each of them, were guilty of malice, oppression and fraud, andPLAINTIFF is therefore entitled to recover exemplary and punitive damages in an amount to be determined at trial.

**EIGHTH CLAIM FOR RELIEF**
**ASSAULT AND BATTERY**

71. THE SHOOTER assaulted and battered the PLAINTIFF, causing severe physical injury.

72. Upon information and belief, the actions of THE SHOOTER in committing assault and battery on the PLAINTIFF were done in the course and scope od THE SHOOTER's employment.

73. Upon information and belief LVMPD is liable for the assault and battery of the PLAINTIFF as employers of THE SHOOTER.

74. As a direct and proximate cause of the aforementioned acts of defendants, PLAINTIFF was injured as set forth above, and is entitled to compensatory and punitive damages according to

13

## NINTH CLAIM FOR RELIEF
## PERJURY

75. PLAINTIFF repeats and re-alleges paragraphs 1 through 74 as if fully set forth here.

76. Upon information and belief, THE SHOOTER made false statements of a material nature while under oath about his role in injuring the PLAINTIFF.

77. PLAINTIFF is entitled to compensatory and punitive damages according to proof.

## TENTH CLAIM FOR RELIEF
## FALSIFYING AND DESTROYING EVIDENCE

78. PLAINTIFF repeats and re-alleges paragraphs 1 through 77 as if fully set forth here.

79. Upon information and belief, THE SHOOTER, LVMPD, and DOE and ROE Defendants illegally and fraudulently caused the crime scene to be altered.

80. Upon information and belief, THE SHOOTER and Doe and Roe Defendants illegally and fraudulently caused records relating to the use of the Taser brand electric rifle, including but not limited to, video, electronic data, physocal evidence, and required written reports to be concealed, destroyed, and / or altered in an effort to obstruct justice.

81. Upon information and belief, TASER created and followed policies which allowed LVMPD officers specifically and police officers nationally to easily alter or destroy safety, performance, and deployment related evidence

82. Upon information and belief, LVMPD took and is taking deliberate steps to intimidate witnesses favorable to the PLAINTIFF with the intent of obstructing justice.

83. PLAINTIFF is entitled to compensatory and punitive damages according to proof.

## ELEVENTH CLAIM FOR RELIEF
## DEFAMATION AND LIBEL

84. Plaintiff repeats and re-alleges paragrpahs 1 through 81 as if fully set forth here.

85. THE SHOOTER, LVMPD, and ROES and DOES, made false and defamatory statements about the PLAINTIFF, with the intent and effect of having them published, in an attempt to damage

the PLAINTIFF's reputation, character, and integrity.

86. PLAINTIFF is entitled to recovery of special, compensatory, and punitive damages against THE SHOOTER, LVMPD, and ROE and DOE defendants for their defamatory and libelous comments.

Wherefore PLAINTIFF requests that this court enter a judgment in PLAINTIFF's favor and against Defendants, jointly and severally, and award

1. Compensatory damages according to proof,
2. Special damages according to proof,
3. Punitive damages according to proof,
4. Reasonable legal fees and costs, including but not limited to attorney's fees pursuant to all applicable statutes, codes, and rules, and according to proof; and
5. Such other and further relief as the court deems proper

DATED this 28th day of October 2011

By: *Raymond James Duensing Jr* (signature)

Raymond James Duensing Junior
Plaintiff
150 S. Hwy 160 Suite C8-376
Pahrump Nevada 89048

15

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Raymond James Duensing Jr
_____
Plaintiff

v.

David Michael Gilbert, et al
_____
Defendant

2:11-cv-01747-GMN -VCF

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

David Michael Gilbert
948 San Gabriel Avenue
Henderson Nevada 89002

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Raymond James Duensing Jr
150 S Highway 160 Suite C8-376
Pahrump Nevada 89048

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: 2011 OCT 28

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____.

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: