# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| RAYMOND JAMES DUENSING, JR., | 2:11-cv-01747-GMN -VCF |
| Plaintiff, | **ORDER** |
| vs. | |
| DAVID MICHAEL GILBERT, *et al.*, | **(ORDER TO SHOW CAUSE HEARING)** |
| Defendants. | |

Before the court is the matter of *Duensing v. Gilbert et al* (Case No. 2:11-cv-01747-GMN -VCF).

**A.      Background**

Plaintiff filed his complaint on October 28, 2011, asserting claims for (1) unreasonable seizure, (2) intentional infliction of emotional distress, (3) negligent infliction of emotional distress, (4) excessive force under 42 U.S.C. § 1983, (5) police negligence, (6) products liability-negligence, (7) product liability-strict liability, (8) assault and battery, (9) perjury, (10) falsifying and destroying evidence, and (11) defamation and libel against Officer David Michael Gilbert, individually and in his official capacity, Taser International, Inc. (hereinafter "Taser"), the Las Vegas Metropolitan Police (hereinafter "LVMPD"), and DOES 1-100 and ROES 101-200. (#1). Plaintiff's allegations arise from an incident where defendant Officer Gilbert allegedly stopped plaintiff and shot him with a Taser brand electric rifle. *Id.*

Defendant Officer Gilbert filed his answer on November 17, 2012 (#3), defendant LVMPD filed its answer on February 29, 2012 (#7), and defendant Taser filed a motion to dismiss on March 14, 2012

(#9 and #10).  On March 15, 2012, the court entered a minute order regarding the requirements of *Klingele v. Eikenberry* and *Rand v. Rowland* as to the motion to dismiss (#9), and stating that the opposition was due fourteen (14) days from the date of the minute order, and the reply was due seven (7) days after the filing of the opposition.  (#11).  Plaintiff filed a response to the motion to dismiss on April 11, 2012, wherein he argued the *Klingele* and *Rand* cases.  (#13).  Defendant Taser filed a response to plaintiff's filing (#13), asserting that the motion to dismiss (#9) was inadvertently not physically mailed to plaintiff on March 14, 2012, the date of its filing, but was subsequently received by plaintiff on April 9, 2012.  (#15).  On May 17, 2012, defendant Taser filed a reply in support of its motion to dismiss (#9).  (#20).  The motion to dismiss (#9) was referred to the undersigned on October 19, 2012.

On October 23, 2012, the undersigned issued a minute order scheduling a hearing on the motion to dismiss (#9) and the plaintiff's response thereto (#13) for November 5, 2012.  (#23).  The minute order was distributed electronically via CM/ECF to the parties that are registered Pacer users, and for the parties who are not a registered Pacer user, a hard copy was mailed to the address as listed on the Court's docket sheet.  *Id.*  On November 5, 2012, the court held a motion hearing at 1:30 p.m. in Courtroom 3B.  (#24).  Appearing for defendants were Isaiah Fields, Esq. and Thomas Dillard, Esq.  *Id.*  The plaintiff failed to appear.  *Id.*  On November 7, 2012, the court issued an order to show cause why plaintiff should not be held in contempt for failing to comply with court orders and why the undersigned should not recommend that this case be dismissed as a sanction.  (#25).  Plaintiff was ordered to file a response to the order to show cause on or before November 20, 2012, and any reply thereto was due on or before November 27, 2012.  *Id*.  The court scheduled a hearing for November 29, 2012.  *Id.*

On November 20, 2012, plaintiff filed a response to the order to show cause (#25), asserting that he did not appear at the November 5, 2012, hearing because he had not checked his mail for two weeks and did not get the mailed notice of the hearing.  (#27).  Plaintiff states that he received notice of the

hearing on November 7, 2012, and that his failure to appear was due to ignorance and was not "intended as a slight to the court." *Id.* Plaintiff asks this court not to sanction him and not to recommend dismissal of the action. *Id.*

### B. Show Cause Hearing

The court held a show cause hearing on November 29, 2012. (#28). Plaintiff appeared *pro se,* and Isaiah Fields, Esq. (telephonically) and Thomas Dillard, Esq. appeared on behalf of defendants. *Id.* The court advised plaintiff that pursuant to Local Rule 10-2(a), he is required to include his address on all papers filed with the court and that the court relies on this address as a way to communicate with him. *Id.* The court stated that it reviewed plaintiff's response (#27) to the order to show cause (#25) and was not inclined to impose sanctions against plaintiff. *Id.* The court discussed with plaintiff the possibility of filing electronically using CM/ECF, and instructed plaintiff to comply with Special Order 109 and to take the appropriate steps to be permitted to file electronically. *Id.*

The court also addressed the pending motion to dismiss (#9), and plaintiff informed the court that he wished to file an opposition thereto. *Id.* The court ordered plaintiff to file any opposition to the motion to dismiss (#9) by December 13, 2012, and defendant Taser to file any reply in support of the motion to dismiss (#9) by December 20, 2012. *Id.* As the parties agreed that the ruling on the motion to dismiss (#9) would impact the discovery in this action, the court delayed the Rule 26(f) conference until February 18, 2013.

Accordingly and for good cause shown,

IT IS ORDERED that plaintiff's Opposition to defendant Taser's Motion To Dismiss (#9) is due on or before December 13, 2012, and defendant Taser's Reply is due on or before December 20, 2012.

. . .

. . .

. . .

IT IS FURTHER ORDERED that the Rule 26(f) conference must be held on or before February 18, 2013, regardless of whether the court has issued a ruling on the motion to dismiss (#9).

DATED this 3rd day of December, 2012.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE