**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

RAYMOND JAMES DUENSING JR.,

Plaintiff,

v.

DAVID MICHAEL GILBERT, individually and in his official capacity as a police officer employed by the Las Vegas Metropolitan Police Department, TASER INTERNATIONAL, INC., LAS VEGAS METROPOLITAN POLICE DEPARTMENT, DOES 1-100 and ROES 101-200 inclusive,

Defendants.

2:11-cv-01747-GMN -VCF

**REPORT AND RECOMMENDATION**

**Motion to Dismiss (#9)**

**REPORT AND RECOMMENDATION**

Before the court is defendant TASER International's ("TASER") Motion to Dismiss. (#9). Plaintiff Raymond Duensing filed an Opposition to the Motion to Dismiss. (#30). Defendant TASER filed a Reply to the Opposition in support of the Motion to Dismiss. (# 31). The Plaintiff filed an Amended Opposition to the Motion to Dismiss. (#32).[1]

**I. Background**

Plaintiff filed his Complaint against defendants David Michael Gilbert, individually and in his official capacity as a police officer employed by the Las Vegas Metropolitan Police Department, TASER, Las Vegas Metropolitan Police Department (LVMPD), DOES 1-100, and ROES 101-200

[1] The Court reviewed the Amended Opposition (#32) and did not find any differences between the original Opposition (#30) and the Amended Opposition (#32).

inclusive. (#1). Plaintiff alleges in his Complaint that he suffered injuries resulting from an arrest on October 29, 2009. *Id.* The Complaint contains the following claims for relief: (1) unreasonable seizure, (2) intentional infliction of emotional distress, (3) negligent infliction of emotional distress, (4) excessive force, (5) police negligence, (6) products liability - negligence, (7) product liability - strict liability, (8) assault and battery, (9) perjury, (10) falsifying and destroying evidence, and (11) defamation and libel. *Id.* The plaintiff asserted all of the above listed claims for relief against TASER except (9) perjury and (11) defamation and libel. *Id.*

## **II. Defendant's Motion to Dismiss**

TASER's motion to dismiss (#9) asserts that the plaintiff has failed to state a claim as required under Federal Rule of Civil Procedure 8. The Federal Rules of Civil Procedure require that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "demands more than an unadorned, the-defendant-unlawfully-harmed me accusation." *Ascroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, plaintiff's complaint must "contain sufficient factual matter accepted as true, to 'state a claim to relief that is plausible on its face," and must not consist of "'naked assertion[s]' devoid of 'further factual enhancement'." *Id.* at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1941.

### **A. Plaintiff's § 1983 Unreasonable Seizure and Excessive Force Claims**

"To state a claim under § 1983, the plaintiff must allege a violation of his constitutional rights and show that the defendant's actions were taken under the color of state law." *Gritchen v. Collier*, 254 F.3d 807, 812 (9th Cir. 2001). In a § 1983 action, it is a "jurisdictional requisite" that the defendant act under the color of the law. *Id.* (quoting *West v. Atkins*, 487 U.S. 42, 46 (1988)). Persons acting under color of state law typically include officials who in some capacity represent either the state, city or county government. *See Monroe v. Pape*, 365 U.S. 167 (1967), partially overruled on other grounds by *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 663 (1978).

The defendant asserts that the plaintiff has not alleged facts plausibly demonstrating that TASER acted under the color of law or that the defendant's conduct violated his constitutional rights. (**#**10). Plaintiff argues in his reply that TASER did operate under the color of law through (1) its role in "keeping and securing evidence", (2) supplying the LVMPD with "Law Enforcement Only" equipment, and (3) supplying the LVMPD officers with training. (#30).

The plaintiff's complaint is devoid of any factual allegations that demonstrate that the defendant acted under the color of state law. "In the absence of allegations of fact showing that the defendant acted under the color of state law, the complaint should be dismissed." *Oppenheimer v. Stillwell*, 132 F.Supp. 761, 763 (S.D. Cal. 1955). The plaintiff alleges that "Defendants, acting under color of state law, deprived the PLAINTIFF of rights, privileges, and immunities secured by the Constitution and laws of United States..." (#1). There are no facts that specifically allege how defendant TASER acted under the color of state law. *Id.* The plaintiff merely makes a conclusion of law that the acts were done under the color of law. *Id.* The § 1983 claims should be dismissed because the complaint lacks specific allegations of fact demonstrating that the defendant acted under the color of state law.

Plaintiff's characterization of TASER's actions as being under the color of state law also fails under multiple tests adopted by this court. As a weapons manufacturer, the defendant is a private entity. Courts have used three different tests to determine whether private conduct constitutes governmental action: "(1) public function, (2) joint action, and (3) governmental nexus." *Sutton v. Providence St. Joseph Med. Center*, 192 F.3d 826, 835-36 (9th Cir. 1999) (citations omitted).[2] This court previously found, at least twice, that TASER's private conduct did not constitute governmental action using the public function, joint action, and governmental nexus tests. *See Neal-Lomax v. Las Vegas Metro. Police Dept.,* 2006 WL 2022989 (D.Nev.2006); *see also Gillson v. City of Sparks*, 2007 WL 839252 (D.Nev.2007).

[2]Neither of the parties analyzed defendant TASER's actions under these tests.

This case is analogous to *Neal-Lomax* and *Gillson* where the plaintiffs argued that TASER acted under the color of law by supplying the weapons and training the police. Here, the plaintiff similarly argues in his opposition that the defendant acted under the color of law in supplying and training the LVMPD. (# 30).

**1. Public Function Test**

Under the public function test, "'when private individuals or groups are endowed by the State with powers or functions in nature, they become agencies or instrumentalities of the State and subject to its constitutional limitations.'" *Lee v. Katz*, 276 F.3d 550, 554-55 (9th Cir. 2002) (quoting *Evans v. Newton*, 382 U.S. 296, 299 (1966)). The *Neal-Lomax* court found that TASER was not a state actor under the public function test because selling taser guns and training municipalities were not functions traditionally and exclusively governmental in nature. *Neal-Lomax*, 2006 WL 2022989, *7. Similarly, defendant TASER's actions here of selling weapons and training officers are not functions traditionally and exclusively governmental in nature. The public function test, therefore, does not apply to the defendant. *See Neal-Lomax*, 2006 WL 2022989.

**2. Joint Action Test**

"Under the joint action test, we consider whether 'the state has so far insinuated itself into a position of interdependence with the private entity that it must be recognized as a joint participant in the challenged activity.'" *Kirtley v. Rainey*, 326 F. 3d 1093 (9th Cir. 2003) (quoting *Parks Sch. Of Bus., Inc. v. Symington*, 51 F.3d 1480, 1486 (9th Cir. 1995). The *Neal-Lomax* court found that the allegations regarding TASER's training and maintenance of the taser guns do not establish that LVMPD has so far insulated itself with TASER that TASER became a joint participant in the deprivation of the plaintiff's rights. *Neal-Lomax*, 2006 WL 2022989, *6.

Plaintiff makes nearly identical allegations in his complaint, and only one of plaintiff's allegations distinguishes the instant case from *Neal-Lomax* and *Gillson*. Here, the plaintiff argues in his opposition but fails to allege in hi complaint that TASER operated under the color of state law by

its "evidence keeping role in maintaining and securing evidence about the use of its own product." (#30). The defendant's role in record keeping is analogous to supply, service, and maintenance. *See Neal-Lomax*, 2006 WL 2022989. Under the joint action test, this allegation does not establish that the defendant, through keeping records on its own products' use, has so insinuated itself with the LVMPD that it became a joint participant in the alleged deprivation of the plaintiff's rights. The defendant's actions are not considered "under the color of law" pursuant to the joint action test. *Neal-Lomax*, 2006 WL 2022989.

**3. Governmental Nexus Test**

Pursuant to the governmental nexus test, a private entity acts under the color of law if "'there is a sufficiently close nexus between the State [and] the regulated entity so that the action of the latter may be fairly treated as that of the State itself.'" *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982) (quoting *Jackson v. Metro. Edison Co.,* 419 U.S. 345, 351 (1974)). The *Neal-Lomax* court found that the alleged facts established that TASER served as a consultant to LVMPD rather than a state actor under § 1983. *Neal-Lomax*, 2006 WL 2022989, *5. As defendant TASER acted in the same capacity here, the defendant did not act under the color of the law. *Neal-Lomax*, 2006 WL 2022989.

This court recommends that Plaintiff's § 1983 claims of excessive force (claim 4) and unreasonable seizure (claim 1) be dismissed.

**B. Plaintiff's Police Negligence and Assault and Battery Claims**

Plaintiff's complaint generically states claims of relief against all "defendants." (#1). The plaintiff does not specifically allege a claim of relief against TASER for Police Negligence and Assault and Battery. *Id*. However, federal courts have been instructed to "liberally construe the 'inartful pleading' of pro se litigants." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). Accordingly, this court will construe the claims of relief for Police Negligence and Assault and Battery against TASER.

/ / /

**1. Police Negligence**

Under the fifth claim for relief of police negligence, the complaint alleges that:

> 56. By virtue of the foregoing, **defendants** owed PLAINTIFF a duty of care, and that duty was breached in THE SHOOTER's negligence and failure to exercise due care in dealing with the PLAINTIFF proximately caused PLAINTIFF's injuries.
>
> 57. As a direct and proximate cause of the aforementioned acts of **defendants**, PLAINTIFF was injured as set forth above, and is entitled to compensatory damages according to proof.

(#1) (emphasis added). In Nevada, a plaintiff must satisfy four elements for a claim of negligence: (1) an existing duty of care, (2) breach, (3) legal causation, and (4) damages. *Turner v. Mandalay Sports Entertainment, LLC*, 130 P.3d 1172, 1175 (Nev. 2008). The complaint (#1) is devoid of any allegations that defendant TASER breached a duty of care that caused the plaintiff's injuries. The plaintiff only alleges that the SHOOTER failed to exercise due care, which proximately caused his injuries. (#1).

Defendant TASER asserts that this claim for relief should be dismissed because it is a weapons manufacturer, not a law enforcement agency. (#10). TASER also asserts that "TASER exercised no control over the manner in which Plaintiff was arrested because no TASER employee was present or involved in the arrest." *Id.* The plaintiff's opposition does not specifically address the defendant's contentions. (#30). The opposition has a section titled "Assault and Battery and Police Negligence Claims", however, the plaintiff argues that TASER is liable for the "foreseeable consequences of its unreasonably dangerous product." (#30). Such an argument is more appropriate in the "Product Liability" section of the plaintiff's opposition, and the court will address those arguments below. The court finds that the plaintiff's police negligence claim against defendant TASER should be dismissed because it fails to state a claim upon which relief can be granted. *Ascroft v. Iqbal*, 129 S.Ct. at 1949 (2009).

///

**2. Assault and Battery**

The eighth claim of relief for assault and battery also lacks specific allegations against defendant TASER. (#1). The plaintiff alleges that the "SHOOTER" assaulted and battered the plaintiff causing severe injuries, and that LVMPD is liable as the "SHOOTER's" employer. *Id.* The complaint further alleges that, "[a]s a direct and proximate cause of the aforementioned **acts of defendants**, PLAINTIFF was injured as set forth above, and is entitled to compensatory and punitive damages..." *Id.* (emphasis added). To maintain a cause of action for assault, the plaintiff must show that the actor, "(1) intended to cause harmful or offensive physical contact, and (2) the victim was put in apprehension of such contact." *Switzer v. Rivera*, 174 F. Supp. 2d 1097, 1109 (D. Nev. 2001). For a battery claim, a plaintiff must show that the actor "(1) intended to cause harmful or offensive contact, and (2) such contact did occur." *Id.*

Here, the plaintiff fails to allege how TASER intended to cause or in fact caused a harmful or offensive contact to the plaintiff. (#1). The plaintiff also fails to allege how he was harmed or put in apprehension of such contact. *Id.* His complaint focuses on the actions of the SHOOTER, and not TASER. *Id.* Again, the plaintiff's opposition does not include any arguments to support his claim of assault and battery. (#30). Under the heading entitled "Assault and Battery and Police Negligence", plaintiff's arguments concern issues related to TASER's alleged liability under Products Liability. *Id.* The court finds that the plaintiff's assault and battery claim against defendant TASER should be dismissed because it fails to state a claim upon which relief can be granted. *Ascroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

This court recommends that the claims for Police Negligence (claim 5) and Assault and Battery (claim 8) be dismissed, because the plaintiff has failed to state facts to support those claims against TASER.

**C. Plaintiff's Falsifying and Destroying Evidence Claims**

The complaint alleges that the SHOOTER and Doe and Roe defendants illegally and

fraudulently altered the crime scene and concealed, altered and/or destroyed records relating to the use of Taser brand electric rifle. (#1). The complaint further alleges that, "TASER created and followed policies which allowed LVMPD officers specifically and police officers nationally to easily alter or destroy, safety performance, and development related evidence." *Id.*

In the motion to dismiss, the defendant argues that "falsifying and destroying evidence" is not a recognized cause of action. (#10). The defendant further argues that the claim for relief alleged in the complaint appears more akin to a claim of spoliation, which is not recognized as an independent tort in Nevada. *Id.* (citing *Timber Tech Engineered Building Products v. The Home Insurance Company*, 55 P.3d 952, 954 (Nev. 2002)). The plaintiff's opposition does not address the defendant's arguments regarding the "falsifying and destroying evidence" claim. (#30).

The court construes this as a cause of action for spoliation. Spoliation is not recognized as an independent tort regardless of whether the alleged action is committed by a first or third party. *Timber Tech Engineered Building Products*, 55 P.3d at 954.[3] This court recommends that the "falsifying and destroying evidence claim" (claim 10) be dismissed because it fails to state a claim upon which relief can be granted. *See Ascroft v. Iqbal*, 129 S.Ct. 1937 (2009).

**D. Plaintiff's Product Liability Claims**

As Nevada is a notice-pleading jurisdiction, courts construe pleadings liberally. *Chavez v. Robberson Steel Co.*, 584 P.2d 159, 160 (Nev. 1978). "The allegations of a complaint are sufficient to assert a claim for relief when the allegations 'give fair notice of the nature and basis' for a claim." *Bowman v. JPMorgan Chase Bank, N.A.*, 2011 WL 1827307, *2 (quoting *Vacation Village, Inc. V. Hitachi Am., Ltd.,* 874 P.2d 744, 746 (Nev.1994)). All allegations of material facts are taken as true and construed in a light most favorable to the non-moving party when reviewing a dismissal for failure to

[3] As the opposition fails to respond to the defendant's arguments on this issue, the court finds this constitutes "consent to the granting of the motion." Local Rule 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion.").

state a claim under Rule 12(b)(6). *AlliedSignal, Inc., v. City of Phoenix*, 182 F.3d 692, 695 (9th Cir. 1999). Further, a complaint should not be dismissed under Rule 12(b)(6) "unless it appears beyond a doubt that the non-moving party can prove no set of facts in support of its claim which should entitle it for relief." *Id.*

The plaintiff alleges claims for relief of "Products Liability-Negligence" and "Product Liability-Strict Liability" . (#1). This court construes the "Products Liability-Negligence" claim as a "Product Liability-Failure to Warn" claim, in accordance with *Forest v. E.I. DuPont de Neumors and Co.,* 791 F.Supp. 1460, 1463-64 (D.Nev. 1992).[4]

Defendant TASER asserts in the motion to dismiss that the product liability claims should be dismissed because the plaintiff has not alleged facts to support his claims and the defendant's warnings are sufficient as a matter of law.[5] (#10). The defendant also asserts that the plaintiff fails to state a plausible claim of products liability against TASER because (1) the complaint fails to identify the actual model of Taser allegedly used; (2) in the Strict Product Liability claim, the plaintiff fails to identify a single injury directly or proximately caused by an exposure to a Taser weapon; and (3) the Product Liability- Failure to Warn claim contains vague, conclusory allegations regarding the inadequacy of TASER's product warnings. *Id.* In his response, the plaintiff argues that the sufficiency

---

[4]"Many courts and commentators argue that there is no practical difference between an action in negligence for breach of one's duty to warn and an action in strict liability for a product defect due to inadequate warning or labeling. See *Sara Lee Corp. v. Homasote Co.*, 719 F.Supp. 417, 420 (D.Md.1989); *Higgins v. E.I. DuPont de Nemours, Inc.*, 671 F.Supp. 1055, 1059–60 (D.Md.1987); *Nigh v. Dow Chemical Co.,* 634 F.Supp. 1513, 1517 (W.D.Wis.1986); *Shell Oil Co. v. Gutierrez*, 119 Ariz. 426, 581 P.2d 271, 279 (1978) (citing *Hall v. E.I. DuPont de Nemours & Co.*, Inc., 345 F.Supp. 353, 368 (E.D.N.Y.1972)); Amer.L.Prod.Liab. (Third) § 32.53, at 90–93 (1987) [hereinafter "Prod.Liab."]; Note, "Failures to Warn and the Sophisticated User Defense," 74 Va.L.Rev. 579, 583 n. 18 (1988) [hereinafter "Failures to Warn"]; Note, "Special Project: An Analysis of the Legal, Social, and Political Issues Raised by Asbestos Litigation," 36 Vand.L.Rev. 573, 593 (1983)." *Forest*, 791 F.Supp. at 1463-64.

[5]In the opposition, the plaintiff correctly points out that the defendant's arguments are more appropriately found in a Motion for Summary Judgment under Federal Rule of Civil Procedure 56, which is not properly before the court. Fed. R. Civ. P. 56(a) states "[a] party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

and applicability of the warning is a material issue for the jury to decide. (#30).

**1. Failure to Identify Taser Model**

The defendant contends that the complaint fails to state a plausible claim against TASER because it fails to identify an actual model of TASER ECD. (#10). Under Rule 8 of the Federal Rules of Civil Procedure, the purpose of a complaint is to give the defendant fair notice of the factual basis of the claim, and the basis for the court's jurisdiction; specific facts are not necessary. *See Skall v. Meridien North America Beverly Hills, LLC*, 506 F.3d 832, 841 (9th Cir. 2007). The complaint sufficiently puts the defendant on notice and the specific fact of which model of Taser product is not necessary. The actual model used in the alleged incident is a fact that can be established through discovery. As TASER is on notice, the claim survives regardless of specified the actual model of Taser allegedly used. *Skall*, 506 F.3d at 841.

**2. Strict Products Liability Claim**

Strict liability is imposed on "anyone who sells a product in a defective condition unreasonably dangerous to customers. A product is defective when it fails to perform 'in the manner reasonably to be expected in the light of its nature and intended function.'" *Rivera v. Phillip Morris, Inc.,* 395 F.3d 1142 (9th Cir. 2005) (quoting *Ward v. Ford Motor Company*, 657 P.2d 95, 96 (Nev. 1983). Whether a product is "unreasonably dangerous" is an objective determination and it is "measured by the 'ordinary customer' for whom the product is designed." *Id.* To establish liability, the plaintiff must demonstrate that his injury "was caused by a defect in the product, and that such a defect existed when the product left the hands of the defendant." *Shoshone Coca-Cola v. Dolinski*, 420 P.2d 855, 858 (Nev. 1966).

The complaint alleges that "TASER defectively manufactured and marketed the unreasonably dangerous electric rifle." *Id.* The complaint also alleges that the defendant's product is defective "for use on human beings." *Id.* It further alleges that the serious injuries the plaintiff sustained resulted from the defect in combination with the wrongful conduct of the other defendants. *Id.*

The defendant asserts that the plaintiff's product liability claims fail because he did not identify

a single injury proximately caused by the Taser ECD. (#10). The complaint alleges, however, that the plaintiff's exposure to the device triggered his **flight/fight response** causing him to flee police. (#1). As a result of his flight, the plaintiff alleges that the SHOOTER shot him with three .45 caliber bullets. *Id.* The complaint alleges that the plaintiff's injuries include long-term effects from the electric shock and permanent pain and disfigurement from the subsequent bullet wounds. *Id.*

In construing all of the complaint's allegations as true and in the light most favorable to the non-moving party, this court finds that the strict liability claim (claim 7) should not be dismissed because the allegations are sufficient to put the defendant on notice as the plaintiff has alleged that "TASER defectively manufactured and marketed unreasonably dangerous electric rifle", and that it proximately caused his injuries when it triggered his "flight/fight" response (#1). *See Shoshone Coca-Cola,* 420 P.2d at 858.

**3. Products Liability for Failure-to-Warn Claim**

To establish a strict liability claim for failure to warn, a plaintiff must show "(1) the product had a defect which rendered it unreasonably dangerous, (2) the defect existed at the time the product left the manufacturer, and (3) the defect caused the plaintiff's injury." *Rivera v. Philip Morris, Inc.*, 209 P.3d 271, 275 (Nev. 2009) (quoting *Fyssakis v. Knight Equip. Corp.*, 826 P.2d 570, 571 (Nev. 1992)) (internal quotation marks omitted). A product is considered unreasonably dangerous when it is "dangerous to an extent contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics." Rest. (2d) Torts § 402A cmt. i (1965) (emphasis added).

**a. Unreasonably Dangerous**

Plaintiff's complaint alleges that the defendant's product is "unreasonably dangerous and defective for use on human beings because, among other reasons, it was sold without adequate warnings as to dangers of point blank targeting of the heart, without an adequate warning or training as to the escalatory effect the TASER is designed to have." (#1). In the motion to dismiss, the defendant asserts

that its warnings that were in effect on the date of the Plaintiff's incident explicitly warn of the circumstance of which the plaintiff complains. *Id.* TASER states that the warning in effect on that date provided: "Incapacitation, Falling and Startle Hazard." (#10). The complaint, however, alleges a different reaction, rather that point blank targeting of the heart had an "escalatory effect" on the plaintiff, and allegedly triggered his flight/fight response. (#1).

The Restatement's test for determining whether a product is unreasonably dangerous "explicitly incorporates the 'common knowledge' doctrine, which rests upon the premise that product is not unreasonably dangerous if everyone knows of its inherent dangers." *Rivera v. Phillip Morris, Inc.*, 395 F.3d 1142, 1151 (9th Cir. 2005). The Ninth Circuit recognized in *Rivera v. Phillip Morris Inc.*, that Nevada courts would draw a distinction between the common knowledge of general risks and the common knowledge of specific risks.[6] *Id.* at 1152. Taking the plaintiff's allegation that the defendant failed to warn of the specific risk as to "the dangers of point blank targeting of the heart" as true, the plaintiff has alleged facts to support this element. *Ascroft v. Iqbal*, 129 S.Ct. 1937, 1949.

**b. Defect's Existence**

The plaintiff must demonstrate that the defect existed at the time the product left the manufacturer. *Rivera*, 395 F.3d at 1151 The complaint alleges that the product "was **sold** without adequate warnings as to the dangers of point blank targeting the heart; without an adequate warning ...

---

[6]The Ninth Circuit in *Rivera v. Phillip Morris Inc.,* reviewed whether the District Court erred in taking judicial notice that all of the risks of smoking were commonly known after 1969. Since Nevada's courts had not made a determination whether common knowledge doctrine would defeat the plaintiff's strict liability claim, the Ninth Circuit made a "'reasonable determination of the results the highest state court would reach in deciding the case.'" *Id.* at 1151 (quoting *Aetna Cas. & Sur. Co. v. Sheft*, 989 F.2d 1105, 1008 (9th. Cir 1993)).

The *Rivera* court reviewed the split among the courts in applying the common knowledge doctrine to tobacco litigation. The court noted that several courts had held, as a matter of law, that by 1969 there was common knowledge of the "evils of smoking." *Id*. at 1152. Other courts deciding the issue, however, have "drawn a distinction between the common knowledge of the general hazards of smoking versus the common knowledge of specific illness or injuries allegedly caused by smoking." *Id*. The court recognized Nevada's long standing public policy grounds, and reasoned that there was a basis to conclude that Nevada courts would narrow the inquiry and distinguish between "knowing the general health risks of smoking and knowing the about specific risks, like lung cancer or addiction, caused by tobacco products." *Id.* at 1152.

as to the escalatory effect..." (#1) (emphasis added). Taking the plaintiff's allegations as true, the plaintiff has sufficiently alleged the element that the product was defective when it left the defendant's hands. *Rivera*, 395 F.3d at 1151; *Ascroft v. Iqbal*, 129 S.Ct. 1937, 1949.

**c. Causation**

The plaintiff must demonstrate that the defect caused his injuries. *Rivera*, 395 F.3d at 1151. The complaint alleges that the plaintiff's heart was shot point blank, and that the exposure to the device triggered his flight/fight response causing him to flee police. (#1). As a result of his flight, the plaintiff alleges that he was shot by three .45 caliber bullets. *Id.* The complaint alleges that the plaintiff's injuries include long-term effects from the electric shock and permanent pain and disfigurement from the subsequent bullet wounds. *Id.* Construing the allegations in a light most favorable to the plaintiff, this court finds that plaintiff has alleged causation of his injuries and his claim should survive dismissal at this stage of the proceedings. This court recommends that the "Products Liability-Negligence" or "Products Liability- Failure to Warn" (claim 6) and Products Liability-Strict Liability (claim 7) not be dismissed.

**E. Plaintiff's Emotional Distress Claims**

**1. Intentional Infliction of Emotional Distress**

To establish a cause of action for intentional infliction of emotional distress ("IIED") the plaintiff must allege: "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff having suffered severe or extreme emotional distress and (3) actual or proximate causation." *Star v. Rabello,* 625 P.2d 90, 92 (Nev. 1981). Extreme and outrageous conduct is "that which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community." *Maduike* v. *Agency Rent-A-Car,* 953 P.2d 24, 26 (Nev. l998) (per curiam) (quotation omitted).

The complaint alleges that the SHOOTER's conduct in pointing the rifle at the plaintiff's heart and shooting the plaintiff with the Taser ECD and .45 caliber bullets caused physical and emotional

distress. (#1). The only allegation against defendant TASER for the claim of relief of IIED, is that the "PLAINTIFF is entitled to compensatory and punitive damages for said infliction of emotional distress from LVMPD, THE SHOOTER, and TASER." (#1).

Defendant TASER asserts that the plaintiff's claim is insufficiently pled because the complaint (#1) fails to allege facts to support that TASER engaged in "extreme or outrageous conduct outside all possible bounds fo decency" or acted in "reckless disregard" for the safety of the plaintiff. (#10). In his response, the plaintiff contends that he specifically pled the first element of the IIED claim in paragraphs 29, 30, 31, and 32 of the complaint. (#30). These paragraphs, however, only mention the conduct of the SHOOTER and not defendant TASER. (#1).

This court recommends that the IIED (claim 2) be dismissed. The plaintiff has not alleged factual allegations that TASER's conduct was extreme and outrageous with either the intention of, or reckless disregard for, causing emotional distress. The complaint on its face contains only a mere conclusory statement about TASER's alleged liability for IIED, and is therefore insufficient. *Ashcroft v. Iqbal*, 129 S.Ct. at 1941 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

**2. Negligent Infliction of Emotional Distress**

To establish a direct claim for negligent infliction of emotional distress ("NIED") "a plaintiff must show (1) the defendant acted negligently, (2) either a physical impact or, in the absence of a physical impact, proof of serious emotional distress causing physical injury or illness, and (3) actual or proximate causation. *Cunningham-Dirks v. Nevada*, 2013 WL 77470 *9 (D. Nev. 2013) (citing *Barmettler v. Reno Air, Inc.,* 956 P.2d 1382, 1387 (Nev.1998)). The defendant argues that the plaintiff's NIED claim should be dismissed because the complaint lacks factual allegations to support plaintiffs claim. (#10). The complaint, however, alleges that TASER "negligently manufactured and caused to be placed into the stream of commerce an unreasonably dangerous product which was a direct and proximate cause of the Plaintiff's injuries." (#1). Construing the allegations in a light most

favorable to the plaintiff, his NIED claim survives dismissal because he has alleged (1) the defendant acted negligently, (2) that he suffered physical and emotional distress, and (3) direct and proximate cause to his injuries. *Cunningham-Dirks v. Nevada*, 2013 WL 77470; *Ascroft v. Iqbal*, 129 S.Ct. 1937, 1949. This court recommends that the claim for relief of NIED (claim 3) not be dismissed.

**F. Plaintiff's Request for Punitive Damages**

In Nevada, "punitive damages may be proper where a defendant has been found guilty of oppression, fraud, or malice." *Neal-Lomax*, 2006 WL 2022989 *9 (citing Nevada Revised Statute 42.005). Under NRS 42.001(3), "malice," expressed or implied, is defined as "conduct which is intended to injure a person or despicable conduct which is engaged in the conscious disregard of the rights or safety of others." "Conscious disregard" means "the knowledge of the probable harmful consequences of a wrongful act and a willful and deliberate failure to act to avoid those consequences." NRS. 42.001(1). "Fraud" means "an intentional misrepresentation, deception or concealment of material fact known to the person with the intent to deprive another person of his rights or property or to otherwise injure another person." NRS 42.001(2).

The defendant asserts in the motion to dismiss that the claim for punitive damage should dismissed because the complaint is insufficiently pled. (#10). The complaint alleges that,

> 50. In doing the foregoing wrongful acts, defendants, and each of them, acted in a reckless and callous disregard for the constitutional rights of the PLAINTIFF. The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive damages against each individual defendant in amount adequate to punish the wrongdoers and deter future conduct.
>
> ...
>
> 64. TASER ... acted in a despicable, malicious and oppressive manner, in conscious disregard for the rights of the PLAINTIFF and other people whom they knew, or reasonably should have known, were likely to be shocked with Taser ordnance by law enforcement officers not adequately warned or trained about the extreme and unreasonable danger of this product, and that the weapons posed an unreasonable risk of bodily injury or death to people such as the PLAINTIFF.

(#1). The defendant asserts that this claim is insufficiently pled because fraud must be alleged with particularity. (#10) (citing Federal Rule of Civil Procedure 9(b)). The plaintiff's claim, however, does not rest solely on an allegation of fraud. (#1). The complaint specifically alleges that defendant acted with malice and conscious disregard, because of its inadequate warnings and training of officers, as well as the defendant's knowledge that its weapons "posed an unreasonable risk of bodily injury or death." (#1). Taking all of the allegations as true, this court recommends that the plaintiff's claim for punitive damages not be dismissed.[7] *Ascroft v. Iqbal*, 129 S.Ct. 1937, 1949.

**RECOMMENDATION**

Based on the foregoing, it is the recommendation of the undersigned United States Magistrate Judge that defendant TASER's Motion To Dismiss (#9) be GRANTED in part, and DENIED in part. It is therefore recommended that plaintiff's following claims be dismissed against defendant TASER: (Claim 1) unreasonable seizure, (Claim 2) intentional infliction of emotional distress, (Claim 4) excessive force, (Claim 5) police negligence, (Claim 8) assault and battery, and (Claim 10) falsifying and destroying evidence.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or

---

[7] This Court has found similar claims for punitive damages sufficient. *See Neal-Lomax v. Las Vegas Metropolitan Police Dept.*, 2006 WL 2022989 *9 (D.Nev.2006) (finding that the claim for punitive damages was sufficiently pled where the Plaintiff alleged Taser marketed the weapon as non-lethal and safe, despite having knowledge of several studies containing negative information about the taser weapon).

appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 1st day of March, 2013.

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**