# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

RAYMOND JAMES DUENSING, JR. individually, )
)
           Plaintiff, )   Case No.: 2:11-cv-01747-GMN-VCF
vs. )
) **ORDER**
DAVID MICHAEL GILBERT, individually and in )
his official capacity as a police officer employed by )
the Las Vegas Metropolitan Police Department, )
TASER INTERNATIONAL, INC., LAS VEGAS )
METROPOLITAN POLICE DEPARTMENT, )
DOES 1-100 and ROES 101-200 inclusive, )
)
           Defendants. )
_____)

Pending before the Court is the Report and Recommendation of United States Magistrate Judge Cam Ferenbach. (ECF No. 35.)  Defendant Taser International, Inc. ("TASER") filed a Partial Objection. (ECF No. 38.)  Plaintiff failed to file an objection.  For the reasons discussed below, the Court will accept in full Magistrate Judge Ferenbach's Report and Recommendation to the extent that it is not inconsistent with this Order.

**I.    BACKGROUND**

This case arises from injuries that Plaintiff suffered during a traffic stop on October 29, 2009. (Compl. ¶ 6, ECF No. 1.)  As a result of that incident, Plaintiff filed his Complaint against Officer David Michael Gilbert, Taser International Inc., and the Las Vegas Metropolitan Police Department. (*See id.*)  In his Complaint, Plaintiff asserts 11 causes of action: (1) unreasonable seizure; (2) intentional infliction of emotional distress; (3) negligent infliction of emotional distress; (4) excessive force; (5) police negligence; (6) products liability – negligence; (7) product liability – strict liability; (8) assault and battery; (9) perjury; (10) falsifying and

destroying evidence; and (11) defamation and libel. (Compl. ¶¶ 10-86, ECF No. 1.) Plaintiff asserts each of these causes of action against TASER, with the exception of claim 9 for perjury and claim 11 for defamation and libel. (*Id.* at ¶¶ 75-77; 84-86.) In response to that Complaint, Defendant Taser ("TASER") International Inc. filed a Motion to Dismiss for failure to state a claim. (ECF No. 9.)

On March 1, 2013, Magistrate Judge Ferenbach issued a Report and Recommendation that recommended that all of Plaintiff's claims, except for his negligent infliction of emotional distress and his products liability claims, be dismissed. (ECF No. 35.) Magistrate Judge Ferenbach also recommended that Plaintiff's request for punitive damages should not be dismissed. (*Id.*) Subsequently, on March 15, 2013, TASER filed its partial objection arguing that the Court should dismiss all of Plaintiff's claims, as they relate to TASER. (ECF No. 38.)

## II.   LEGAL STANDARD

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. LCR IB 3-2.  Upon the filing of such objections, the district court must make a *de novo* determination of those portions of the Report to which objections are made. *Id.*  The district court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C); D. Nev. IB 3-2(b).  However, the district court need not conduct a hearing to satisfy the statutory requirement that the district court make a "*de novo* determination." *United States v. Raddatz*, 447 U.S. 667, 674 (1980) (observing that there is "nothing in the legislative history of the statute to support the contention that the judge is required to rehear the contested testimony in order to carry out the statutory command to make the required 'determination'").  Rather, a hearing is required only when the district court "reject[s] a magistrate judge's credibility findings made after a hearing on a motion to suppress." *United States v. Ridgway*, 300 F.3d 1153, 1154 (9th Cir. 2002).

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008). Rule 8(a)(2) requires that a plaintiff's complaint contain *only* "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996). Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiff's pleadings with the appropriate

/ / /

/ / /

degree of leniency.[1]

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

### III. DISCUSSION

Here, the Magistrate Judge first recommended that the following claims be dismissed against TASER: (1) Claim 1 for unreasonable seizure; (2) Claim 2 for intentional infliction of emotional distress; (3) Claim 4 for excessive force; (4) Claim 5 for police negligence; (5) Claim 8 for assault and battery; and (6) Claim 10 for falsifying and destroying evidence. TASER does not object to these recommendations, thus, no objections to these recommendations have been filed. Having reviewed the record in this case, the Court has determined that this recommendation should be ACCEPTED.

Second, Magistrate Judge Ferenbach recommended that TASER's Motion to Dismiss be denied as to the following claims: (1) Claim 3 for negligent infliction of emotional distress; (2) Claim 6 for products liability – negligence; and (3) Claim 7 for products liability – strict

---

[1] TASER argues that the Court should not treat Plaintiff's pleadings with the "leniency" normally afforded to pro se litigants because of Plaintiff's alleged legal training. However, TASER has failed to provide controlling, or even persuasive, legal authority for this proposition. In fact, TASER relies only on *Weber v. Gorenfeld*, an unpublished Ninth Circuit opinion from 1991. *See Weber v. Gorenfeld*, 928 F.2d 409, at *5 (9th Cir. 1991) (unpublished table opinion). Pursuant to Rule 32.1 of the Federal Rules of Appellate Procedure and Rule 36-3(c) of the Local Rules of the United States Court of Appeals for the Ninth Circuit, this unpublished decision is neither entitled to precedential weight nor capable of being cited to the courts of the Ninth circuit, except in limited circumstances, none of which apply here. *See* Fed. R. App. P. 32.1; 9th Cir. R. 36-3(c) ("Unpublished dispositions and orders of this Court issued before January 1, 2007 may not be cited to the courts of this circuit, except in the following circumstances . . ."). Accordingly, the Court concludes that, to the extent the Magistrate Judge relied on the more lenient standard to be applied to pro se litigants, that reliance was appropriate. TASER's objection on this subject is rejected.

liability. Magistrate Judge Ferenbach also recommended that Plaintiff's request for punitive damages not be dismissed. TASER objects to these recommendations and argues that these three claims should also be dismissed for failure to state a claim. However, TASER fails to establish that the Court should reject Magistrate Judge Ferenbach's Report and Recommendation. Thus, for the reasons discussed below, the Court accepts Magistrate Judge Ferenbach's Report and Recommendation.

### A.   Negligent Infliction of Emotional Distress – Claim 3

To plead a claim for negligent infliction of emotional distress, Plaintiff must allege facts that demonstrate that (1) the defendant acted negligently; (2) Plaintiff suffered "either a physical impact . . . or, in the absence of physical impact, proof of serious emotional distress causing physical injury or illness"; and (3) actual or proximate causation. *Olivero v. Lowe*, 995 P.2d 1023, 1026 (Nev. 2000).

TASER first argues that, to survive a motion to dismiss for failure to state a claim, Plaintiff was required to plead "extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress." (Objection 13, ECF No. 38.) This argument is incorrect. In fact, the cases on which TASER relies for this proposition clearly state that this "extreme and outrageous" component is an element of *intentional* infliction of emotional distress, rather than *negligent* infliction of emotional distress. *See Schoen v. Amerco, Inc.*, 896 P.2d 469, 476 (Nev. 1995) ("The elements of a cause of action for intentional infliction of emotional distress are: (1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress . . . ); *Star v. Rabello,* 625 P.2d 90, 91–92 (1981) (citation omitted). Accordingly, Plaintiff need not plead "extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress" to survive a motion to dismiss.

TASER further argues that the factual allegations in Plaintiff's Complaint are insufficient

to plead a plausible claim.  The Court disagrees.  Plaintiff alleges that TASER acted negligently by "negligently manufactur[ing] and caus[ing] to be placed in the stream of commerce an unreasonably dangerous product which was a direct and proximate cause of [Plaintiff's] injuries." (Compl. ¶ 45, ECF No. 1.)  This allegation, when taken as true, sufficiently pleads the elements of negligent infliction of emotional distress to survive a motion to dismiss.

For these reasons, the Court accepts Magistrate Judge Ferenbach's recommendation that Plaintiff's third claim for relief for negligent infliction of emotional distress should not be dismissed.  Accordingly, with respect to Claim 3, TASER's Motion to Dismiss is denied.

### B.   Products Liability – Claims 6 and 7

In its Objection, TASER essentially argues that the facts, as pleaded by Plaintiff, are not believable, and, thus, do not state a plausible claim for relief. (Objection 11, ECF No. 38.) However, at the motion to dismiss stage, the Court takes all material allegations as true and construes them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  At this stage, Plaintiff need not submit expert testimony proving that his allegations are plausible.  Accordingly, this argument fails to persuade the Court to reject the recommendation of Magistrate Judge Ferenbach.

Additionally, TASER argues that any defect in its product was not the proximate cause because Officer Gilbert's shooting Plaintiff was an unforeseeable intervening act. (Objection 12, ECF No. 38.)  However, whether this act was reasonably foreseeable to TASER is not a question to be resolved at the pleading stage.  Plaintiff pleaded that his injuries were "direct[ly] and proximate[ly] cause[d]" by TASER's negligently manufactured product. (Compl. ¶¶ 63, 68, ECF No. 1.)  Thus, this argument also fails to persuade the Court to reject Magistrate Judge Ferenbach's recommendation.

Finally, TASER contends that Plaintiff's Complaint inadequately pleads the details of the alleged injury that occurred as a result of TASER's allegedly defective product.  Plaintiff

alleged that he "was injured and sustained damages . . . including short-term and long-term negative health effects as a direct result of the deployment of the TASER brand electric rifle and the permanent disfigurement and pain and suffering that were caused by the bullet holes to [Plaintiff's] person, which were proximately and directly caused by the deployment of the unreasonably dangerous TASER brand electric rifle." (Compl. ¶ 63.) The Court agrees with Magistrate Judge Ferenbach's recommendation that this allegation is sufficient to survive a motion to dismiss.[2]

For these reasons, the Court accepts Magistrate Judge Ferenbach's recommendation that Plaintiff's sixth and seventh claims for relief for products liability should not be dismissed. Accordingly, with respect to Claims 6 and 7, TASER's Motion to Dismiss is denied.

### C. Punitive Damages

Section 42.005 of the Nevada Revised Statutes provides that a plaintiff may recover punitive damages when a defendant is "guilty of oppression, fraud or malice, express or implied . . . ."[3] Nev. Rev. Stat. § 42.005(1). Under section 42.001(3), "malice," expressed or implied, is defined as "conduct which is intended to injure a person or despicable conduct which is engaged in the conscious disregard of the rights or safety of others." Nev. Rev. Stat. § 42.001(3). Section 42.001(1) defines "conscious disregard" as "the knowledge of the probable harmful consequences of a wrongful act and a willful and deliberate failure to act to avoid those consequences." Nev. Rev. Stat. 42.001(1). Finally, section 42.001(2) provides that "fraud"

---

[2] TASER also argues that the Magistrate Judge's Recommendation is erroneous for declining to recommend that the Court conclude that TASER's warnings are adequate as a matter of law. In its Objection, TASER discusses the factors that Nevada courts consider when determining whether a warning is adequate. (Objection 16, ECF No. 38.) However, these factors present questions of fact not properly determined at the motion to dismiss stage. Furthermore, as Magistrate Judge Ferenbach noted, the reaction that Plaintiff experienced after encountering TASER's product is different from the injuries about which the labels warn. Accordingly, this argument also fails.

[3] Although section 42.005 requires that the requisite oppression, fraud, or malice must be proven by clear and convincing evidence, such proof is not required at the pleading stage.

means "an intentional misrepresentation, deception or concealment of material fact known to the person with the intent to deprive another person of his rights or property or to otherwise injure another person." Nev. Rev. Stat. 42.001(2).

Plaintiff's Complaint specifically asserts that TASER acted "in a despicable, malicious, and oppressive manner, in conscious disregard of the rights of [Plaintiff]." (*See, e.g.*, Compl. ¶ 64, ECF No. 1.)  Such an allegation, when taken as true, is sufficient to survive a motion to dismiss.   Accordingly, the Court accepts Magistrate Judge Ferenbach's recommendation that Plaintiff's request for punitive damages should not be dismissed.  Accordingly, with respect to Plaintiff's request for punitive damages, TASER's Motion to Dismiss is denied.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Magistrate Judge Ferenbach's Report and Recommendation (ECF No. 35) be **ACCEPTED**, in full, to the extent that it is not inconsistent with this Order.

**IT IS FURTHER ORDERED** that Plaintiff's claims for unreasonable seizure (claim 1); intentional infliction of emotional distress (claim 2); excessive force (claim 4); police negligence (claim 5); assault and battery (claim 8); and falsifying and destroying evidence (claim 10) are **DISMISSED with prejudice**, as they relate to Defendant Taser International Inc., for failure to state a claim upon which relief can be granted

**DATED** this 28th day of March, 2013.

_____
Gloria M. Navarro
United States District Judge