# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

## ***

| | |
|---|---|
| RAYMOND JAMES DUENSING, JR., | 2:11-cv-01747-GMN -VCF |
| Plaintiff, | **ORDER** |
| vs. | |
| DAVID MICHAEL GILBERT, *et al.,* | **(Motion to Compel (#44) and Motion for Award of Costs and Fees (#45))** |
| Defendants. | |

Before the court are defendants' Las Vegas Metropolitan Police Department (hereinafter "LVMPD") and Michael Gilbert's Motion to Compel (#44) and Motion for Award of Costs and Fees (#45). Plaintiff Raymond James Duensing, Jr. filed an Opposition (#48), and defendants filed two Replies (#49 and #50).

## A. Background

Plaintiff filed his complaint on October 28, 2011, asserting claims for (1) unreasonable seizure, (2) intentional infliction of emotional distress, (3) negligent infliction of emotional distress, (4) excessive force under 42 U.S.C. § 1983, (5) police negligence, (6) products liability-negligence, (7) product liability-strict liability, (8) assault and battery, (9) perjury, (10) falsifying and destroying evidence, and (11) defamation and libel against Officer David Michael Gilbert, individually and in his official capacity, Taser International, Inc. (hereinafter "Taser"), the Las Vegas Metropolitan Police (hereinafter "LVMPD"), and DOES 1-100 and ROES 101-200. (#1). Plaintiff's allegations arise from an incident where defendant Officer Gilbert allegedly stopped plaintiff and shot him with a Taser brand electric rifle. *Id.*

        Defendant Officer Gilbert filed his answer on November 17, 2012 (#3), defendant LVMPD filed its answer on February 29, 2012 (#7), and defendant Taser filed a motion to dismiss on March 14, 2012 (#9 and #10).   On March 15, 2012, the court entered a minute order regarding the requirements of *Klingele v. Eikenberry* and *Rand v. Rowland* as to the motion to dismiss (#9), and stating that the opposition was due fourteen (14) days from the date of the minute order, and the reply was due seven (7) days after the filing of the opposition.  (#11).   Plaintiff filed a response to the motion to dismiss on April 11, 2012, wherein he argued the *Klingele* and *Rand* cases.  (#13).   Defendant Taser filed a response to plaintiff's filing (#13), asserting that the motion to dismiss (#9) was inadvertently not physically mailed to plaintiff on March 14, 2012, the date of its filing, but was subsequently received by plaintiff on April 9, 2012.  (#15).   On May 17, 2012, defendant Taser filed a reply in support of its motion to dismiss (#9).  (#20).   The motion to dismiss (#9) was referred to the undersigned on October 19, 2012.

        On October 23, 2012, the undersigned issued a minute order scheduling a hearing on the motion to dismiss (#9) and the plaintiff's response thereto (#13) for November 5, 2012.  (#23).   The minute order was distributed electronically via CM/ECF to the parties that are registered Pacer users, and for the parties who are not a registered Pacer user, a hard copy was mailed to the address as listed on the Court's docket sheet.  *Id.*   On November 5, 2012, the court held a motion hearing at 1:30 p.m. in Courtroom 3B.  (#24).   Appearing for defendants were Isaiah Fields, Esq. and Thomas Dillard, Esq.  *Id.* The plaintiff failed to appear.  *Id.*   On November 7, 2012, the court issued an order to show cause why plaintiff should not be held in contempt for failing to comply with court orders and why the undersigned should not recommend that this case be dismissed as a sanction.  (#25).   Plaintiff was ordered to file a response to the order to show cause on or before November 20, 2012, and any reply thereto was due on or before November 27, 2012.  *Id.*   The court scheduled a hearing for November 29, 2012.  *Id.*

On November 20, 2012, plaintiff filed a response to the order to show cause (#25), asserting that he did not appear at the November 5, 2012, hearing because he had not checked his mail for two weeks and did not get the mailed notice of the hearing.  (#27).  Plaintiff stated that he received notice of the hearing on November 7, 2012, and that his failure to appear was due to ignorance and was not "intended as a slight to the court."  *Id.*  Plaintiff asked this court not to sanction him and not to recommend dismissal of the action.  *Id.*

The court held a show cause hearing on November 29, 2012.  (#28).  Plaintiff appeared *pro se*, and Isaiah Fields, Esq. (telephonically) and Thomas Dillard, Esq. appeared on behalf of defendants.  *Id.* The court advised plaintiff that pursuant to Local Rule 10-2(a), he is required to include his address on all papers filed with the court and that the court relies on this address as a way to communicate with him.  *Id.*  The court stated that it reviewed plaintiff's response (#27) to the order to show cause (#25) and was not inclined to impose sanctions against plaintiff.  *Id.*  The court discussed with plaintiff the possibility of filing electronically using CM/ECF, and instructed plaintiff to comply with Special Order 109 and to take the appropriate steps to be permitted to file electronically.  *Id.*

The court also addressed the pending motion to dismiss (#9), and plaintiff informed the court that he wished to file an opposition thereto.  *Id.*  The court ordered plaintiff to file any opposition to the motion to dismiss (#9) by December 13, 2012, and defendant Taser to file any reply in support of the motion to dismiss (#9) by December 20, 2012.  *Id.*  As the parties agreed that the ruling on the motion to dismiss (#9) would impact the discovery in this action, the court delayed the Rule 26(f) conference until February 18, 2013.  *Id.*  The court issued an order on December 3, 2012, setting the deadlines discussed during the hearing.  (#29).

On December 13, 2012, plaintiff filed an opposition to the motion to dismiss (#9).  (#30).  On December 20, 2012, defendants filed a reply.  (#31).  On December 26, 2012, without seeking leave of the court, plaintiff filed an amended response to the motion to dismiss (#9).  (#32).  The parties filed a

proposed discovery plan and scheduling order on February 19, 2013 (#33), which the court signed the same day (#34).   On March 1, 2013, the court issued a report and recommendation that defendants' motion to dismiss (#9) be granted in part and denied in part.  (#35).   On March 15, 2013, defendants filed an objection to the report and recommendation (#35).  (#38).   On March 28, 2013, the court issued an order adopting the report and recommendation (#35).  (#40).   Defendant Taser filed an answer to the complaint on April 11, 2013.  (#41).

On April 22, 2013, defendants LVMPD and Michael Gilbert filed the instant motion to compel (#44) and motion for award of fees and costs (#45).   Plaintiff filed an opposition on May 9, 2013.  (#48).   Defendants filed two Replies (#49 and #50) in support of their motions.

**B.      Motion to Compel/Award of Fees and Costs**

Defendants assert that they both served separate interrogatories and requests for production of documents (Exhibits A, B, C and D) on plaintiff on June 7, 2012.  (#44).   Defendants assert that plaintiff has "outright refused to answer the written discovery, and that they reminded him of his obligation to respond on February 28, 2013 (Exhibit E).  *Id.*  Plaintiff agreed to serve his responses by April 16, 2013, but as of the date of filing the motion, April 22, 2013, defendants had not received any responses.  *Id.* Defendants ask this court to compel plaintiff to respond to four sets of unanswered written discovery and to award defendants attorneys' fees and costs in the amount of $665.00, "since there is no substantial justification" for plaintiff's failure to cooperate in discovery.  *Id* (Exhibit F Affidavit of Counsel Relating to Fees and Costs).

Plaintiff asserts in his opposition that he has "made a good faith effort to reply to [d]efendants' extensive Interrogatories and Document Production Requests," and that plaintiff "is today submitting a copy of his answers to defendant in response to their Interrogatories and Production Requests."  (#48). Plaintiff also asserts that this court need not issue an order compelling the responses, and that his "non-response was substantially justified by the extensive nature of [d]efendants' request and the [p]laintiff's

*pro se* status." *Id.*   Plaintiff argues that an award of fees is unjust because defendants' legal fees in this case are being paid for by the taxpayer through the LVMPD, and the defendants' actions have "severely maimed and impoverished the [p]laintiff." *Id.*   Plaintiff states that forcing him to pay fees would be "manifestly unjust." *Id.*

Defendants represent to the court in their reply that they have not received responses to *any* of the discovery to date, and that in response to "four sets" of interrogatories and requests for production of documents, plaintiff has sent defense counsel one document entitled "*Plaintiffs_global_response_to_def_LVMPD_Gilbert_roggs-rfa-rfpd.pdf*," which is a two-page document pertaining to a traffic citation of an unknown person.  (#49)(Exhibit A).  Defendants argue that any objections have been waived by plaintiff's "extreme tardiness," and that he must be ordered to respond to *all* written discovery requests without objection.  *Id.*  Defendants also argue that if the court grants the motion to compel (#44), Rule 37(a) mandates that plaintiff "pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  (#50)*;* Federal Rule of Civil Procedure 37(a)(5)(A).  Defendants assert that they incurred another $342.00 in preparing and filing the reply in support of their motion, and that the total fees owed to defendants is $1,007.00.  *Id.*

## C.   Discussion

Rule 33 provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1).  "The interrogatories must be answered: (A) by the party to whom they are directed..." "within 30 days after being served with the interrogatories."  Fed. R. Civ. P. 33(b)(1)(A) and (2).  Rule 33(b) states that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath," and that "[t]he grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."  Fed. R. Civ. P. 33(b)(3) and (4).

Pursuant to Rule 34, "[a] party may serve on any other party a request within the scope of Rule 26(b): (1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control: (A) any designated documents or electronically stored information--including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations--stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form; or (B) any designated tangible things..."    Fed. R. Civ. P. 34(a)(1)(A) and (B).    "The party to whom the request is directed must respond in writing within 30 days after being served," and "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons."  Fed. R. Civ. P. 34(b)(2)(A) and (B).

Under Rule 37, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: (I) a deponent fails to answer a question asked under Rule 30 or 31; (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4); (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to respond that inspection will be permitted--or fails to permit inspection--as requested under Rule 34."  Fed. R. Civ. P.  37(a)(3)(B)(I), (ii), (iii), and (iv).  "If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(A).

On June 7, 2012, plaintiff was served with defendants' requests for production of documents and interrogatories pursuant to Fed. R. Civ. P. 33 and 34.  (#44).  Plaintiff was required to respond within thirty (30) days after being served.  Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A).  Despite representing to

the court in his opposition that he was serving the defendants with responses on the day he filed his response (#48), plaintiff has failed to response in any way to the discovery requests. *See* (#49). As of the date of this order, plaintiff has had *one year* to respond to the discovery requests. Plaintiff states in his opposition that he did not timely respond because of the extensive nature of the requests. (#48). Plaintiff did not, however, ask the defendants for an extension of time or file a motion with the court seeking an extension of time to respond. *See* Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A)(providing that "[a] shorter or longer time [to respond] may be stipulated to under Rule 29 or be ordered by the court."). Plaintiff has therefore waived any objections to the discovery requests. *See* Fed. R. Civ. P. 33(b)(4) and 34(b)(2). Plaintiff is advised that although he is proceeding *pro se,* he is required to familiarize himself with the Federal Rules of Civil Procedure as well as the Local Rules of this court. See *Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986)(holding that *pro se* parties are not excused from following the rules and orders of the court).

The court finds that granting defendants' motion to compel (#44) is warranted. Plaintiff must serve defendants with responses to *all* discovery requests on or before July 8, 2013. Failure to do so may result in the imposition of sanctions, or the court recommending the District Judge issue dispositive sanctions.

As the court grants defendants' motion (#44), plaintiff must pay the defendants' reasonable expenses incurred in filing the motion. *See* Fed. R. Civ. P. 37(a)(5)(A). The plaintiff may be excused from payment if the court determines that "(I) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action: (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(I), (ii), and (iii). Defendants have demonstrated that they attempted to resolve the issue before filing the motion with the court (#44), and, as stated above, plaintiff has not demonstrated that his failure to respond to the discovery requests were "substantially

justified." *See Id.*  The only other argument plaintiff advances in support of his request that the court not award fees, is that an award of fees in unjust because defendants' legal fees in this case are being paid for by the taxpayer through the LVMPD, and the defendants' actions have "severely maimed and impoverished the [p]laintiff."  (#48).

The court finds that an award of expenses is not unjust in this action, as plaintiff should not be permitted to disregard the rules of this court without consequences simply because the defendants are the LVMPD and an employee of the LVMPD.  On or before July 8, 2013, plaintiff must pay defendants' reasonable expenses in preparing the motion (#44) and reply (#49) in the amount of $1,007.00.

Accordingly and for good cause shown,

IT IS ORDERED that Las Vegas Metropolitan Police Department and Michael Gilbert's Motion to Compel (#44) is GRANTED

IT IS THEREFORE ORDERED that plaintiff must serve defendants with responses to *all* discovery requests on or before July 8, 2013.  Failure to do so may result in the imposition of sanctions, or the court recommending to the District Judge to issue dispositive sanctions.

IT IS FURTHER ORDERED that defendants' Motion for Award of Costs and Fees (#45) is GRANTED.

IT IS THEREFORE ORDERED that, on or before July 8, 2013, plaintiff must pay defendants' reasonable expenses in preparing the motion (#44) and reply (#49) in the amount of $1,007.00.

DATED this 7th day of June, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE