# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

RAYMOND JAMES DUENSING, JR.,                    2:11-cv-01747-GMN -VCF

             Plaintiff,                    **ORDER**

vs.

DAVID MICHAEL GILBERT, *et al.*,                    **(Motion to Compel and for Award of Costs #53)**

             Defendants.

    Before the court is defendant Taser International Inc's (hereinafter "Taser") Motion to Compel and for Award of Costs.  (#53).  Plaintiff Raymond James Duensing, Jr. filed an Opposition (#54), and defendants filed a Reply (#55).

## I.    Background

    Plaintiff filed his complaint on October 28, 2011, asserting claims for (1) unreasonable seizure, (2) intentional infliction of emotional distress, (3) negligent infliction of emotional distress, (4) excessive force under 42 U.S.C. § 1983, (5) police negligence, (6) products liability-negligence, (7) product liability-strict liability, (8) assault and battery, (9) perjury, (10) falsifying and destroying evidence, and (11) defamation and libel against Officer David Michael Gilbert, individually and in his official capacity, Taser, the Las Vegas Metropolitan Police (hereinafter "LVMPD"), and DOES 1-100 and ROES 101-200.  (#1).  Plaintiff's allegations arise from an incident where defendant Officer Gilbert allegedly stopped plaintiff and shot him with a Taser brand electric rifle.  *Id.*

    Defendant Officer Gilbert filed his answer on November 17, 2011 (#3), defendant LVMPD filed its answer on February 29, 2012 (#7), and defendant Taser filed a motion to dismiss on March 14, 2012

(#9 and #10).   On March 15, 2012, the court entered a minute order regarding the requirements of *Klingele v. Eikenberry* and *Rand v. Rowland* as to the motion to dismiss (#9), and stating that the opposition was due fourteen (14) days from the date of the minute order, and the reply was due seven (7) days after the filing of the opposition.   (#11).   Plaintiff filed a response to the motion to dismiss on April 11, 2012, wherein he argued the *Klingele* and *Rand* cases.   (#13).   Defendant Taser filed a response to plaintiff's filing (#13), asserting that the motion to dismiss (#9) was inadvertently not physically mailed to plaintiff on March 14, 2012, the date of its filing, but was subsequently received by plaintiff on April 9, 2012.   (#15).   On May 17, 2012, defendant Taser filed a reply in support of its motion to dismiss (#9).   (#20).   The motion to dismiss (#9) was referred to the undersigned on October 19, 2012.

On October 23, 2012, the undersigned issued a minute order scheduling a hearing on the motion to dismiss (#9) and the plaintiff's response thereto (#13) for November 5, 2012.   (#23).   The minute order was distributed electronically via CM/ECF to the parties that are registered Pacer users, and for the parties who are not a registered Pacer user, a hard copy was mailed to the address as listed on the Court's docket sheet.   *Id.*   On November 5, 2012, the court held a motion hearing at 1:30 p.m. in Courtroom 3B.   (#24).   Appearing for defendants were Isaiah Fields, Esq. and Thomas Dillard, Esq.   *Id.* The plaintiff failed to appear.   *Id.*   On November 7, 2012, the court issued an order to show cause why plaintiff should not be held in contempt for failing to comply with court orders and why the undersigned should not recommend that this case be dismissed as a sanction.   (#25).   Plaintiff was ordered to file a response to the order to show cause on or before November 20, 2012, and any reply thereto was due on or before November 27, 2012.   *Id.*   The court scheduled a hearing for November 29, 2012.   *Id.*

On November 20, 2012, plaintiff filed a response to the order to show cause (#25), asserting that he did not appear at the November 5, 2012, hearing because he had not checked his mail for two weeks and did not get the mailed notice of the hearing.   (#27).   Plaintiff stated that he received notice of the

hearing on November 7, 2012, and that his failure to appear was due to ignorance and was not "intended as a slight to the court." *Id.* Plaintiff asked this court not to sanction him and not to recommend dismissal of the action. *Id.*

The court held a show cause hearing on November 29, 2012. (#28). Plaintiff appeared *pro se,* and Isaiah Fields, Esq. (telephonically) and Thomas Dillard, Esq. appeared on behalf of defendants. *Id.* The court advised plaintiff that pursuant to Local Rule 10-2(a), he is required to include his address on all papers filed with the court and that the court relies on this address as a way to communicate with him. *Id.* The court stated that it reviewed plaintiff's response (#27) to the order to show cause (#25) and was not inclined to impose sanctions against plaintiff. *Id.* The court discussed with plaintiff the possibility of filing electronically using CM/ECF, and instructed plaintiff to comply with Special Order 109 and to take the appropriate steps to be permitted to file electronically. *Id.*

The court also addressed the pending motion to dismiss (#9), and plaintiff informed the court that he wished to file an opposition thereto. *Id.* The court ordered plaintiff to file any opposition to the motion to dismiss (#9) by December 13, 2012, and defendant Taser to file any reply in support of the motion to dismiss (#9) by December 20, 2012. *Id.* As the parties agreed that the ruling on the motion to dismiss (#9) would impact the discovery in this action, the court delayed the Rule 26(f) conference until February 18, 2013. *Id.* The court issued an order on December 3, 2012, setting the deadlines discussed during the hearing. (#29).

On December 13, 2012, plaintiff filed an opposition to the motion to dismiss (#9). (#30). On December 20, 2012, defendants filed a reply. (#31). On December 26, 2012, without seeking leave of the court, plaintiff filed an amended response to the motion to dismiss (#9). (#32). The parties filed a proposed discovery plan and scheduling order on February 19, 2013 (#33), which the court signed the same day (#34). On March 1, 2013, the court issued a report and recommendation that defendant Taser's motion to dismiss (#9) be granted in part and denied in part. (#35). On March 15, 2013,

defendants filed an objection to the report and recommendation (#35).  (#38).  On March 28, 2013, the court issued an order adopting the report and recommendation (#35).  (#40).  Defendant Taser filed an answer to the complaint on April 11, 2013.  (#41).

On April 22, 2013, defendants LVMPD and Michael Gilbert a motion to compel (#44) and a motion for award of fees and costs (#45).  Plaintiff filed an opposition on May 9, 2013.  (#48). Defendants filed two Replies (#49 and #50) in support of their motions.  Defendants asserted in their motion that they both served separate interrogatories and requests for production of documents (Exhibits A, B, C and D) on plaintiff on June 7, 2012, and that plaintiff had "outright refused to answer the written discovery, and that they reminded him of his obligation to respond on February 28, 2013 (Exhibit E)." (#44).  Defendants asked this court to compel plaintiff to respond to four sets of unanswered written discovery and to award defendants attorneys' fees and costs in the amount of $665.00, "since there is no substantial justification" for plaintiff's failure to cooperate in discovery.  *Id* (Exhibit F Affidavit of Counsel Relating to Fees and Costs).

Plaintiff asserted in his opposition that he had "made a good faith effort to reply to [d]efendants' extensive Interrogatories and Document Production Requests," and that plaintiff "is today submitting a copy of his answers to defendant in response to their Interrogatories and Production Requests."  (#48). Plaintiff argued that this court need not issue an order compelling the responses, and that his "non-response was substantially justified by the extensive nature of [d]efendants' request and the [p]laintiff's *pro se* status."  *Id.*  Plaintiff also argued that an award of fees was unjust because defendants' legal fees in this case are being paid for by the taxpayer through the LVMPD, and the defendants' actions have "severely maimed and impoverished the [p]laintiff."  *Id.*  Plaintiff stated that forcing him to pay fees would be "manifestly unjust."  *Id.*

Defendants represented to the court in their reply that they had not received responses to _any_ of the discovery to date, and that in response to "four sets" of interrogatories and requests for production of

documents, plaintiff has sent defense counsel one document entitled "*Plaintiffs_global_response_to_def_LVMPD_Gilbert_roggs-rfa-rfpd.pdf,*" which is a two-page document pertaining to a traffic citation of an unknown person. (#49)(Exhibit A).

The court issued an order on June 7, 2013, granting defendants' motion to compel (#44) and motion for award of costs and fees (#45). (#51). The court held that "[a]s of the date of this order, plaintiff has had *one year* to respond to the discovery requests," and that despite arguing that he did not timely respond because of the extensive nature of the requests (#48), "[p]laintiff did not...ask the defendants for an extension of time or file a motion with the court seeking an extension of time to respond." *Id.* The court stated that "[p]laintiff has therefore waived any objections to the discovery requests," and that he "is advised that although he is proceeding *pro se,* he is required to familiarize himself with the Federal Rules of Civil Procedure as well as the Local Rules of this court. See *Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986)(holding that *pro se* parties are not excused from following the rules and orders of the court)." *Id.*

The court ordered plaintiff to "serve defendants with responses to *all* discovery requests on or before July 8, 2013," and that a "[f]ailure to do so may result in the imposition of sanctions, or the court recommending the District Judge issue dispositive sanctions." *Id.* The court further ordered that "[a]s the court grants defendants' motion (#44), plaintiff must pay the defendants' reasonable expenses incurred in filing the motion. *See* Fed. R. Civ. P. 37(a)(5)(A)." *Id.* The court held that "[o]n or before July 8, 2013, plaintiff must pay defendants' reasonable expenses in preparing the motion (#44) and reply (#49) in the amount of $1,007.00." *Id.*

On June 18, 2013, defendant Taser International Inc. (hereinafter "Taser") filed the instant motion to compel and for award of sanctions. (#53). Plaintiff filed an opposition on July 5, 2013 (#54), and defendant filed a reply on July 15, 2013 (#55).

**II.**     **Motion To Compel and for Sanctions**

    **A.**     **Arguments**

    Defendant Taser asks this court for an order (1) compelling plaintiff Raymond James Duensing, Jr., to respond without objection to TASER's First Sets of Interrogatories and Requests for Production of Documents served on April 23, 2013; (2) for plaintiff to reimburse TASER for the costs associated with Plaintiff's failure to appear for his properly noticed deposition in Las Vegas on May 10, 2013; (3) for plaintiff to appear for deposition on a date and location convenient for Defendants; and (4) for such other "sanctions as may be deemed appropriate based on [p]laintiff's ongoing failure to participate in discovery or communicate in this matter."  (#53).

          **1.**     **First Set of Interrogatories and Requests for Production of Documents**

    Defendant Taser asserts that it "served its First Set of Requests for Production of Documents (Exhibit A) and First Set of Interrogatories (Exhibit B) on [p]laintiff via electronic mail and certified mail, return receipt, on April 23, 2013 (see Letter attached as Exhibit C)," but that plaintiff did not respond by the May 26, 2013, deadline.  *Id.*   Defense counsel attempted to meet and confer with plaintiff "telephonically on June 4, 2013 (see Affidavit of Isaiah Fields attached as Exhibit D), and in writing on June 10, 2013 (see Letter attached as Exhibit E)," but plaintiff has not responded to the communications.  *Id.*  Taser asks this court to issue an order "compelling [p]laintiff to respond without objection to TASER's First Set of Interrogatories and First Set of Requests for Production of Documents."  *Id.*

    Plaintiff states in his opposition that he has made a "good faith effort to reply to [d]efendant's extensive Interrogatories and Document Production Requests," and that he is "providing a copy of his answers to [d]efendant in response to their discovery requests."  (#54).

    Defendant Taser asserts in its reply that it still has not received discovery responses from plaintiff for discovery requests that were served three months ago, and that due to plaintiff's tardiness,

he has waived any objection he might have as to the interrogatories or requests pursuant to *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).  (#55).  Defendant Taser states that plaintiff must be ordered to provide complete responses, "waiving any and all possible objections." *Id.*

    **2.**  **Plaintiff's Deposition**

   Defendant Taser asserts that "[o]n April 15, 2013, counsel for TASER emailed [p]laintiff requesting his availability for deposition (Exhibit D)," and that "[p]laintiff failed to respond."  (#53). On April 23, 2013, Taser served plaintiff "via electronic mail and certified mail, return receipt, with a notice of videotaped deposition to occur on May 10, 2013 at 9:30 a.m. at the office of Olson, Cannon, Gormley, Angulo & Stoberski in Las Vegas (see Letter and Notice of Deposition attached as Exhibits C and F)." *Id.*  On May 10, 2013, the following individuals appeared at the scheduled time and location for plaintiff's deposition: Isaiah Fields and Michael Brave (counsel for TASER), Tom Dillard (counsel for the LVMPD Defendants), and a court reporter and a videographer from Litigation Services, Inc. *Id.* Plaintiff did not appear for his deposition. *Id.*

   Taser contends that it incurred the following costs as a result of plaintiff's failure to appear:

   (a)  $226.60 in fees for the court reporter;

   (b)  $350.00 in fees from the videographer;

   (c)  $322.80 in fees for Mr. Fields' airfare; and

   (d)  $100.57 in fees for Mr. Fields' hotel room.

 *Id* (Exhibits D-1, D-2, D-3, and D-4).  Defendant asserts that it does not seek reimbursement for Mike Brave's travel costs or for attorneys' fees associated with plaintiff's failure to appear or the bringing of this motion (#53), and that the "total costs incurred by TASER because of [p]laintiff's failure to appear for deposition, exclusive of counsels' time, is $999.97." *Id.*  Defendant Taser asks this court for an order requiring plaintiff to appear at a scheduled deposition and to reimburse Taser for its costs totaling $999.97.  *Id.*  Defendant Taser asserts that counsel wrote and called plaintiff in a good faith effort to

resolve the issues without court intervention, to reschedule to deposition, and to recover expenses due to plaintiff's failure to appear. *Id* (Exhibits D and E). Plaintiff did not respond to these communications. *Id.*

Plaintiff asserts in his opposition that he "did not have actual notice of the scheduled deposition and his absence was due solely to that fact," and that "[t]he plaintiff is willing to schedule a deposition at a time and place mutually agreed upon by the parties." (#54). Plaintiff also states that attorney's fees and costs are "unwarranted and unjust," as his "non-response was substantially justified by the extensive nature of [d]efendant's request and the [p]laintiff's *pro se* status." *Id.* Plaintiff also states that "other circumstances make an award of fees unjust," because (1) "[d]efendant's legal fees in this case are being accrued by an in-house counsel of a very wealthy corporation," (2) "particular in-house counsel in this case is employed year round by the defendant specifically to make the litigation of personal injury claims similar to the present matter as expensive as possible for their victims," and (3) "in this particular case, the [d]efendant's actions have severely maimed and impoverished the [p]laintiff." *Id.*

Defendant Taser argues in its reply that "[p]laintiff, who happens to be a practicing attorney in Las Vegas and a member of the Nevada State Bar, is making material misrepresentations to this Court in an effort to again avoid an adverse ruling," as "[p]laintiff acknowledges receiving TASER's written discovery but claims that he never received "actual notice" of his deposition, yet the notice of deposition was mailed (certified-mail return-receipt) and emailed to Plaintiff in the ***same letter***. (See Fields Letter at Exhibit C to # 53)." *Id* (emphasis added). Defendant asserts that plaintiff cannot in good faith "claim to have received the written discovery but not the notice of deposition where all of these documents were sent to him ***together*** in both hard copy and electronic formats." *Id* (emphasis added). Defendant attached as Exhibit A a copy of the signed returned-receipt "establishing that the mailing was received at [p]laintiff's address of record" providing him notice of the deposition. *Id* (Exhibit A).

With regard to the request for expenses incurred in light of the plaintiff's failure to appear at the deposition, defendant Taser argues that plaintiff provided "no "substantial justification" excusing his failure to appear for deposition," and that "in direct contravention to [p]laintiff's argument, TASER is not even seeking its reasonable attorneys' fees in bringing this motion despite its right to seek such sanctions under Federal Rule of Civil Procedure 37(a)(5)(A)." Instead, Taser "is simply seeking reimbursement of the actual expenses it incurred as a result of Plaintiff's failure to appear, *i.e.*, airfare, hotel, court reporter and videographer costs totaling $999.97." *Id.*

**B.      Relevant Law/Discussion**

**1.      First Set of Interrogatories and Requests for Production of Documents**

Rule 33 provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1).  "The interrogatories must be answered: (A) by the party to whom they are directed..." "within 30 days after being served with the interrogatories."  Fed. R. Civ. P. 33(b)(1)(A) and (2).  Rule 33(b) states that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath," and that "[t]he grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."  Fed. R. Civ. P. 33(b)(3) and (4).

Pursuant to Rule 34, "[a] party may serve on any other party a request within the scope of Rule 26(b): (1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control: (A) any designated documents or electronically stored information--including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations--stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form; or (B) any designated tangible things..."      Fed. R. Civ. P.

34(a)(1)(A) and (B).   "The party to whom the request is directed must respond in writing within 30 days after being served," and "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons."  Fed. R. Civ. P. 34(b)(2)(A) and (B).

Under Rule 37, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: (i) a deponent fails to answer a question asked under Rule 30 or 31; (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4); (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to respond that inspection will be permitted--or fails to permit inspection--as requested under Rule 34."  Fed. R. Civ. P.  37(a)(3)(B)(i), (ii), (iii), and (iv).  "If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(A).

On April 23, 2013, defendant Taser served plaintiff with it's requests for production of documents and interrogatories pursuant to Fed. R. Civ. P. 33 and 34.  (#53).  Plaintiff was required to respond within thirty (30) days after being served.  Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A).  Despite representing to the court in his opposition that he was "providing a copy of his answers to [d]efendant in response to their discovery requests" (#54), plaintiff has failed to respond in any way to defendant Taser's discovery requests.  *See* (#55).  Plaintiff's only explanation for not timely responding to the discovery requests is the "extensive nature of [d]efendant's requests and [p]laintiff's *pro se* status." (#54).  There is no evidence that plaintiff attempted to meet and confer with the defendant to extend the response deadline, and plaintiff did not file a motion with the court seeking an extension of time to respond.  *See* Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A)(providing that "[a] shorter or longer time [to

respond] may be stipulated to under Rule 29 or be ordered by the court."). Plaintiff has therefore waived any objections to defendant Taser's discovery requests. *See* Fed. R. Civ. P. 33(b)(4) and 34(b)(2). Plaintiff has repeatedly been advised by this court that although he is proceeding *pro se,* he is required to familiarize himself with the Federal Rules of Civil Procedure as well as the Local Rules of this court. See *Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986)(holding that *pro se* parties are not excused from following the rules and orders of the court).[1]

The court finds that granting defendant Taser's motion to compel (#53) is warranted. Plaintiff must serve defendant with responses to <u>*all*</u> written discovery, without objection, on or before September 6, 2013. Failure to do so will result in the imposition of sanctions, or the court recommending the District Judge dismiss the action for failure to comply with the Fed. R. Civ. P. and the Local Rules of this court.

As the court grants defendant Taser's motion (#53), plaintiff must pay the defendant's reasonable expenses incurred in filing the motion. *See* Fed. R. Civ. P. 37(a)(5)(A). Defendant Taser asserts that it does not seek its expenses in connection with filing the motion, and only requests that the court order "reimbursement of the actual expenses it incurred as a result of [p]laintiff's failure to appear..." at his deposition. (#55). The court will address these expenses below.

### 2.   Plaintiff's Deposition

Under Rule 30(a)(1), "[a] party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45." Fed. R. Civ. P. 30(a)(2). Rule 30(b)(1) provides that "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address." Fed. R. Civ. P. 30(b)(1). "A party who, expecting a deposition to be taken, attends in person or by an

---

[1]  The court notes that plaintiff Duensing is a licensed attorney and an active member of the State Bar of Nevada. *See* http://www.nvbar.org/lawyer-detail/11150

attorney may recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to...attend and proceed with the deposition..."  Fed. R. Civ. P. 30(g).

Rule 37(d)(1)(A)(i) provides that "[t]he court where the action is pending may, on motion, order sanctions if...a party or a party's officer, director, or managing agent--or a person designated under Rule 30(b)(6) or 31(a)(4)--fails, after being served with proper notice, to appear for that person's deposition." "Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."    Fed. R. Civ. P. 37(d)(3).

The court finds that defendant Taser complied with Fed. R. Civ. P. 30(b)(1) and that plaintiff received reasonable notice of his deposition.  *See* (#53).  Defendant Taser emailed plaintiff on April 15, 2013, to request his availability for the deposition (#53 Exhibit D), and plaintiff failed to respond.  *Id.* Plaintiff received, via electronic mail and certified mail (return receipt), the notice that his deposition was scheduled for May 10, 2013.  *Id* (Exhibits C and F).  Plaintiff argues that he did not receive notice of his deposition, but admits the fact that he received the written discovery requests.  (#54).  As evidenced by Exhibit 3 attached to the motion to compel (#53-3) and Exhibit A attached to the reply (#55-1), plaintiff received the notice that his deposition would occur on May 10, 2013, and the written discovery requests in the ***same letter*** dated April 23, 2013, and signed the returned receipt for the letter and discovery requests.  The court finds that plaintiff's failure to appear at his deposition was not justified, and that awarding expenses is appropriate under Fed. R. Civ. P. 37(d)(1)(A)(i) and (d)(3) and 30(g).

The plaintiff may be excused from payment if the court determines that "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action: (ii) the

opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."   Fed. R. Civ. P. 37(a)(5)(A)(i), (ii), and (iii). Defendant Taser has demonstrated that it attempted to resolve the issue before filing the motion with the court (#53), and, as discussed herein, plaintiff's failure to attend his deposition was not "substantially justified."   *See Id*.   The only argument plaintiff provides in support of his request that the court not award fees, is that an award of fees in unjust because defendant's "legal fees in this case are being accrued by an in-house counsel of a very wealthy corporation," in-house counsel is employed to "make the litigation of personal injury claims similar to the present matter as expensive as possible for their victims," and the defendant's actions have "severely maimed and impoverished the [p]laintiff."  (#54).

The court finds that an award of expenses is proper and not unjust.   Plaintiff should not be permitted to disregard the rules of this court without consequences simply because defendant Taser has in-house counsel litigating this action.   On or before September 6, 2013, plaintiff must pay defendants' reasonable expenses incurred as a result of plaintiff's failure to appear at the deposition in the amount of $999.97.   Defendant Taser may notice plaintiff's deposition at a time and place convenient for the defendant, and plaintiff is ordered to appear.   Failure to appear will result in a report and recommendation to the District Judge to dismiss the action for failure to comply with court orders, the Fed. R. Civ. P., and the Local Rules of this court.

Accordingly and for good cause shown,

IT IS ORDERED that defendant Taser International Inc's (hereinafter "Taser") Motion to Compel and for Award of Costs (#53) is GRANTED.

IT IS THEREFORE ORDERED that plaintiff must serve defendant with responses to *all* discovery requests, without objection, on or before September 6, 2013.   Failure to do so will result in the imposition of sanctions or the court recommending to the District Judge to dismiss the action for failure to comply with the Federal Rules of Civil Procedure and the Local Rules of this court.

IT IS FURTHER ORDERED that, on or before September 6, 2013, plaintiff must pay defendants' reasonable expenses incurred as a result of plaintiff's failure to appear at the deposition in the amount of $999.97.

IT IS FURTHER ORDERED that defendant Taser may notice plaintiff's deposition at a time and place convenient for the defendant, and plaintiff is ordered to appear.  Failure to appear will result in a report and recommendation to the District Judge to dismiss the action for failure to comply with court orders, the Federal Rules of Civil Procedure, and the Local Rules of this court.

DATED this 5th day of August, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE