**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**\*\*\***

RAYMOND JAMES DUENSING,

                Plaintiff,

vs.

DAVID MICHAEL GILBERT,  *et al.,*

                Defendants.

2:11-cv-01747-GMN-VCF

**REPORT AND RECOMMENDATION**

    Before the Court is *Raymond James Duensing v. David Michael Gilbert, et al.*, case no. 2:11-cv-01747-GMN-VCF.

**Background**

    Plaintiff filed his Complaint against defendants David Michael Gilbert, individually and in his official capacity as a police officer employed by the Las Vegas Metropolitan Police Department, TASER, Las Vegas Metropolitan Police Department (LVMPD), DOES 1-100, and ROES 101-200 on October 28, 2011.  (#1).

    On July 18, 2013, Defendants filed a Motion for Involuntary Dismissal (#56).  Defendants assert that Plaintiff has failed to respond to written discovery and has not done anything to prosecute this action since the opposition to the Motion to Compel filed on May 9, 2013 (#38).  *Id.* Plaintiff has failed to appear for his scheduled deposition and failed to comply with the order to prepare a joint interim status report.  *Id.* Plaintiff failed to pay $1,007.00 in attorney's fees by July 8, 2013. *Id.*

On August 5, 2013, Plaintiff filed an Opposition to Defendants' Motion for Involuntary Dismissal.  (#59).  He states responses to written discovery were provided to Defendants but the attorney's fees and costs were not paid.  *Id.*

Defendants represent to the court in their reply that they have not received responses for any of the written discovery.  (#61).

On September 18, 2013, the Order Scheduling a Settlement Conference was entered and the settlement conference was scheduled for December 17, 2013.  (#67). The parties were ordered to deliver settlement conference statements to chambers on December 10, 2013.  Plaintiff failed to deliver his settlement conference statement on December 10, 2013.  Chambers called Plaintiff twice regarding the settlement conference statement.  On December 12, 2013, Plaintiff was ordered to submit to chambers his confidential settlement statement by 4:00 p.m., Friday, December 13, 2013.  (#71).  Plaintiff failed to submit the settlement conference statement.  On December 17, 2013, the settlement conference was held and Plaintiff failed to appear for the settlement conference. (#73).

**Relevant Law**

Plaintiff Duensing, appearing *pro se* in this action, was ordered to follow the rules and orders of the Court and familiarize himself with the Federal Rules of Civil Procedure as well as the Local Rules of this court.  (#25). See *Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986)(holding that *pro se* parties are not excused from following the rules and orders of the court).

Plaintiff has repeatedly failed to follow the rules of this Court.  He has not complied with Fed. R. Civ. P. 26.  He has repeatedly failed to respond to Defendants' written discovery despite two orders compelling responses and imposing monetary sanctions.  (#'s 51 & 60).  Plaintiff states in his Opposition to Defendants' Motion for an Involuntary Dismissal that he refuses to pay Defendants their attorney's fees and costs as ordered in docket #51.  (#59).

Under Fed. R. Civ. P. 37(b), if a party fails to obey an order to provide or permit discovery, including an order under Rule 26(f) then the court where the action is pending may issue further just

orders and may dismiss the action or proceeding in whole or in part. Plaintiff has failed to comply with Court Orders (#'s 51 & 60) concerning discovery.

Pursuant to Fed. R. Civ. P. 41(b), [i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order, a defendant may move to dismiss the action or any claim against it.

The Court has clear authority to dismiss the case for failure to cooperate in the progress of the litigation. "This power is necessary to prevent undue delays in the disposition of pending cases, docket congestion, and the possibility of harassment of the Defendant." *Mederios v. United States*, 621 F.2d 468, 470 (1st Cir. 1980). To be sure, "[all litigants, including *pro se*s, have an obligation to comply with court orders." *Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir. 1990)(per curiam). Thus, when they flout the obligation to comply with court orders they, like all litigants, must suffer the consequences of their non-compliance. See *McDonald v. Miegel*, 850 F.2d 121, 124 (2d Cir. 1988). Further, the Court need not always exhaust every sanction short of dismissal before final action. *Edelson v. Commissioner*, 829 F.2d 828, 831 (9th Cir. 1987). Such a decision lies within the discretion of this Court. See *National Hockey League v. Metropolitan Hockey Club. Inc.*, 427 U.S. 639, 642 (1976); *Link v. Wabash R. Co.*, 370 U.S. 628 (1962) (affirming district court's dismissal under Rule 41(b) after plaintiff's attorney failed to appear at a pretrial conference).

Plaintiff failed to comply with the Order Scheduling Settlement Conference (#67). A Settlement Conference was scheduled for December 17, 2013 and the parties were ordered to deliver settlement conference statements to chambers on December 10, 2013. On December 10, 2013, Plaintiff failed to deliver settlement statements to chambers. On December 12, 2013, the Court ordered Plaintiff to submit to his settlement statement to chambers on December 13, 2013 and a copy of the Order (#71) was mailed and emailed to Plaintiff. Chambers staff also left two voice mail messages for Plaintiff regarding his confidential statement.

On December 17, 2013, Plaintiff failed to appear at the scheduled settlement conference. (#73). Plaintiff has continuously failed to comply with this Court's Orders. (#'s 23, 25, 51, 60, 67 & 71).

# RECOMMENDATION

Based on the foregoing, it is the recommendation of the undersigned United States Magistrate Judge that Defendants' Motion for Involuntary Dismissal (#56) be GRANTED and the case be dismissed under Fed. R. Civ. P. 37(b) and 41(b).

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 17th day of January, 2014.

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE